**Charles D. MASON, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES, INC. and RTKL Associates, Inc., Defendants.**

**No. C–82–686–R.**

United States District Court,
M. D. North Carolina,
Rockingham Division.

July 28, 1982.

James R. Van Camp, of Van Camp, Gill & Crumpler, Pinehurst, N. C., for plaintiff.

Howard E. Manning of Manning, Fulton & Skinner, and James D. Blount, Jr., of Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, N. C., for defendants.

## MEMORANDUM OPINION AND ORDER

### HIRAM H. WARD, Chief Judge.

This matter is before the Court upon plaintiff's Motion to Remand Civil Action to State Court (June 29, 1982) and upon the Response to Motion to Remand and Motion to Amend Petition (July 12, 1982) of defendant International Business Machines, Inc. (IBM). After considering the pleadings and briefs of counsel, the Court concludes that it should remand this action to state court.

Plaintiff originally filed this action on May 12, 1982, in the Superior Court of Moore County, North Carolina, alleging breach of an employment contract. Plaintiff served process on IBM and RTKL Associates, Inc. (RTKL), on May 17, 1982. On June 15, 1982, IBM filed a Petition for Removal of Civil Action from State Court pursuant to 28 U.S.C. § 1441, in which it alleged diversity of citizenship jurisdiction, 28 U.S.C. § 1332(a)(1) & (c). The co-defendant, RTKL, did not join in the petition. Regarding RTKL, IBM only alleged that it is a corporation organized under the laws of Maryland with its principal place of business in Baltimore. In its Answer (June 22, 1982) RTKL stated a desire to join in the petition. In his motion to remand, plaintiff points out that the petition is insufficient on its face because RTKL failed to join therein or otherwise advise the Court of its consent to removal within thirty (30) days after service of process.

IBM and RTKL agree that RTKL did not officially join or consent to removal within thirty (30) days after service of process. However, RTKL contends that it is sufficient for removal here that its counsel informed IBM's counsel of its desire to join in the petition prior to its filing. IBM states that its counsel believed RTKL would file a pleading joining in the petition. IBM contends that an amendment to the petition voicing RTKL's consent is proper because that consent was omitted in good faith from the original petition.

Section 1441 of Title 28 provides for the removal of a civil action from state court by the defendant or defendants if the district court has original jurisdiction over the action. Diversity of citizenship allegedly exists between the parties here and plaintiff seeks damages in excess of $10,000. Thus, this Court apparently has original jurisdiction over this action. 28 U.S.C. § 1332. Section 1446 provides the procedures which the defendant or defendants must follow to remove a case to federal court. In particular section 1446(a) requires the defendant or defendants to file a "petition containing a short and plain statement of the facts which entitle him or them to removal. . . ." Section 1446(b) mandates that the petition must "be filed within 30 days after the receipt by the defendant [of service of process notifying the defendant of the plaintiff's claim for relief]."

Removal of civil cases to federal court is an infringement on state sovereignty. Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed.2d 1214 (1941). Failure to comply with those provisions generally constitutes an adequate ground for remand to state court. Courts have consistently construed

section 1446(a) to require all defendants in an action who may properly join in a removal petition to join in or consent to the petition.[1]  *Baldwin v. Perdue, Inc.*, 451 F.Supp. 373, 376 (E.D.Va.1973);  *Town of Fairfax v. Ashbrook*, 3 F.Supp. 345, 346 (N.D.Okla.1933).  Also, all the defendants who must join in or consent to the removal petition must do so within thirty (30) days of service of process.  *Albonetti v. GAF Corporation-Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981);  *McCurtain County Production Corp. v. Cowett*, 482 F.Supp. 809, 812 (E.D.Okla.1978).  Although this requirement for timely filing is not jurisdictional, it is mandatory.

IBM and RTKL failed to comply with section 1446.  RTKL received service of process on May 17, 1982, but did not join in IBM's petition until June 22, 1982, thirty-six days later.  The fact that RTKL informed IBM within the thirty (30) day period of its desire to remove the action is not sufficient.  Section 1446(a) requires defendants "to file" a petition for removal.  This provision clearly requires an official filing or voicing of consent.[2]  *Albonetti v. GAF Corporation-Chemical Group*, 520 F.Supp. 825;  *see also Colin K. v. Schmidt*, 528 F.Supp. 355, 358–59 (D.R.I.1981) (consent voiced in open court).

IBM requests permission at this time to amend its petition to allege RTKL's consent to removal.  Such an amendment is improper.  Prior to the running of the thirty (30) day period amendments are freely allowed.  However, after that period amendments are improper other than to cure purely technical defects or to allege specific removal grounds imperfectly stated in the original petition, and are not proper to allege entirely new facts of substance.  *Thompson v. Gillen*, 491 F.Supp. 24, 27 (E.D. Va.1980);  *Town of Fairfax v. Ashbrook*, 3 F.Supp. 345, 346.  RTKL's failure to join in or consent to removal in a timely fashion is a substantial defect in the removal proceedings.  *Town of Fairfax v. Ashbrook*, 3 F.Supp. 345.  IBM's proposed amendment attempts to do more than cure a mere technical defect or clarify imperfectly stated allegations in the petition.  No allegation in the petition indicates RTKL's consent to removal.[3]

IT IS, THEREFORE, ORDERED that defendant IBM's motion to amend its petition for removal be, and hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to remand be, and the same hereby is, GRANTED, and this action hereby is REMANDED to the Superior Court of Moore County, North Carolina.

IT IS FURTHER ORDERED that defendant IBM pay all costs and disbursement, if any, incurred by reason of this removal proceeding.

---

1.  Exceptions to the requirement that all defendants join exist where (1) the non-joining defendants had not been served with process at the time the removal petition was filed, (2) those defendants are merely nominal or formal party defendants, or (3) the removed claim is separate and independent of one or more non-removable claims against the non-joining defendants.  *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59 (W.D.N.C.1978);  *see also Wallis v. Southern Silo Co.*, 369 F.Supp. 92 (N.D. Miss.1973) (amendment to petition allowed to show that non-joining defendant was only a nominal party).  Neither defendant asserts any of these exceptions.

2.  The Court also notes that IBM believed that RTKL would file a pleading within the thirty (30) day period announcing its consent to removal.  In its Answer (June 22, 1982), which was filed late for removal purposes, RTKL announced its consent.  These facts indicate that the defendants were aware of RTKL's need to *file* a consent.

3.  Federal jurisdiction founded upon removal should be rejected where the propriety of removal is doubtful.  *Croy v. Buckeye International, Inc.*, 483 F.Supp. 402, 405 (D.Md.1979). To permit amendments in situations such as the present one would strip the 30 day period requirement in 28 U.S.C. § 1446(b) of its effectiveness.  Requiring parties to timely voice their consent to removal, a relatively unburdensome task, is preferable to protracted after-the-fact judicial determinations upon a motion to amend.