**Herman HARDESTY, Plaintiff,**

v.

**GENERAL FOODS CORPORATION, et al., Defendants.**

**No. 85 C 3627.**

United States District Court,
N.D. Illinois, E.D.

April 18, 1985.

---

Lew J. Campione, French Rogers Kezelis & Kominiarek, P.C., Chicago, Ill., for plaintiff.

Larry Evans, Anesi, Ozmon, Lewin & Assoc. Ltd., Chicago, Ill., for defendants.

## MEMORANDUM ORDER

SHADUR, District Judge.

General Foods Corporation ("General Foods") and Entenmann's, Inc. ("Entenmann's") have just filed a petition for removal of this action from the Circuit Court of Cook County. Because General Foods and Entenmann's have asserted they received service of the summons and complaint March 15 and because they petitioned for removal April 15, removal was accomplished on the thirtieth and last day permitted by 28 U.S.C. § 1446(b).[1]

What General Foods and Entenmann's have failed to do, however, is to comply with the requirements of Section 1446(a), under which *all* defendants must join in or consent to the removal petition. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir.1982). There are limited exceptions to that requirement (see, e.g., *Mason v. IBM*, 543 F.Supp. 444, 445–46 & n. 1 (M.D.N.C.1982)), but General Foods and Entenmann's are totally silent on the applicability of any of those exceptions. Nor has this Court heard independently from the other two defendants (Dairy Equipment Co., a division of DEC International, Inc. and Heil Co.) reflecting their joinder in or consent to removal.

As this Court said in *Romashko v. Avco Corp.*, 553 F.Supp. 391, 392 (N.D.Ill.1983):

It is defendant's burden under the removal statute (28 U.S.C. § 1446(a)) to explain affirmatively the absence of co-defendants in the petition for removal, and failure to set out such an explanation renders the removal petition defective. *Northern Illinois Gas*, 676 F.2d at 273; *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.*, 395 F.2d 546, 548 (7th Cir.1968); 1A *Moore's Federal Practice* ¶ 0.168[3.–4], at 458–59.

At this point Section 1446(b)'s 30-day limitation has passed, and amendment to the petition in an effort to cure the defect would be improper. *Mason*, 543 F.Supp. at 446.[2]

Accordingly this Court finds this case to have been "removed improvidently" (Section 1447(c)) and sua sponte remands this action to the Circuit Court of Cook County. General Foods and Entenmann's are ordered to pay any costs and disbursements that may have been incurred by reason of the removal.

---

1. All further citations to the statute's subsections will simply take the form "Section 1446—."

2. Though *Northern Illinois Gas,* 676 F.2d at 273 permitted curing of a removal petition that had

failed to allege a non-joining defendant was purely a nominal party, that concept would not extend to the unexplained non-joinder of substantive defendants such as those involved here.