**David FIELDS, Plaintiff,**

v.

**Brian REICHENBERG, et al.,
Defendants.**

**No. 86 C 6031.**

United States District Court,
N.D. Illinois, E.D.

Aug. 15, 1986.

Earle S. Rappaport, Eric S. Rein, Schwartz, Cooper, Kolb & Gaynor Chtd., Chicago, Ill., for plaintiff.

Thomas M. Regele, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On July 29, 1986 David Fields ("Fields") filed, in the Circuit Court of Cook County, Illinois, a nine-count Complaint against Brian Reichenberg ("Brian"), Anita Reichenberg ("Anita"), California corporation Our Secret Creations, Inc. ("Our Secret of California") and Al Sands ("Sands"):

1. Count I charges all defendants with violating the Illinois Franchise Disclosure Act, Ill.Rev.Stat. ch. 121-½, ¶¶ 701–740.

2. Count II seeks injunctive relief against all defendants under the Illinois Deceptive Trade Practices Act, Ill.Rev. Stat. ch. 121-½, ¶¶ 311–317.

3. Count III seeks injunctive relief against all defendants under Ill.Rev.Stat. ch. 110, ¶ 11–102.

4. Count IV asks an accounting from all defendants.

5. Count V charges all defendants with converting property belonging to Fields and his Illinois corporation, Our Secret Creations of Illinois, Inc. ("Our Secret of Illinois").

6. Count VI charges all defendants with tortious interference with Fields' prospective business advantages.

7. Count VII charges all defendants with tortious interference with Fields' contractual relationships.

8. Count VIII seeks a declaratory judgment against Sands alone as to matters affecting Our Secret of Illinois.

9. Count IX charges Sands alone with slander.

Immediately after the filing of the lawsuit, Fields sought emergency injunctive relief, which was granted in part and denied in part August 4. On August 14 Brian, Anita and Our Secret of California (but not Sands) joined in a petition for removal of this action to this District Court.

That removal poses serious and non-curable jurisdictional problems. Because the parties are entitled to try their disputes without the procedural delays and complications occasioned by the improvident removal, this remand order is being entered sua sponte and swiftly.

First, of course, is the obvious flaw that fewer than all the defendants have joined in the removal petition as required by 28 U.S.C. § 1446(a).[1] See such decisions as this Court's opinion in *Hardesty v. General Foods Corp.*, 608 F.Supp. 992, 993 (N.D.Ill. 1985) and cases cited therein. In an effort to get around that problem, which would be fatal to federal jurisdiction (both Fields and Sands are Illinois citizens, thus negating diversity of citizenship), Petition ¶ 6(a) asserts Sands (1) "is not a necessary party to Count I but is only a formal party without any interest is [sic] such claim and against whom no substantial relief can be granted" and (2) has been "fraudulently and improperly joined ... as a sham party defendant to Count I, for the sole purpose of avoiding and defeating the removal of this action to this Court."

That characterization cannot itself be characterized as having been made in good faith (in the familiar objective sense that now informs Fed.R.Civ.P. 11). This Court

---

1. All further references to provisions of Title 28 will simply take the form "Section—."

has reviewed Fields' Complaint with care, and it is plain the characterization of Sands as a nominal defendant is totally empty.[2] Under similar circumstances this Court in *Darras v. Trans World Airlines, Inc.*, 617 F.Supp. 1068, 1069 (N.D.Ill.1985) quoted the principle stated in *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (footnote omitted, emphasis in original):

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

That high hurdle has not even been approached, let alone surmounted, here.

Counsel for Brian, Anita and Our Secret of California have compounded that just-described imposition on this Court (and on opposing counsel too) by falsely characterizing Counts II and III as actions under the "Landham [sic—should be Lanham] Act," 15 U.S.C. §§ 1051–1127, so this Court would have jurisdiction on removal without reference to diversity of citizenship. That too is really nonsense. Except for the extraordinary circumstances of total federal preemption (of which this case is not an example),[3] it is black-letter law that Fields is master of his own claim for purposes of determining federal jurisdiction. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Defendants are not entitled to reshape Fields' claims, squarely based as they are on Illinois substantive and procedural law, into federal claims (which they are not).

In sum, this action has been "removed improvidently and without jurisdiction" (Section 1447(c)). Though removal has taken place well within the 30–day limit established by Section 1446(b), the defects identified in this opinion are noncurable, and counsel are not expected to reappear in this District Court. This action is remanded pursuant to Section 1447(c), and any just costs incurred by Fields are ordered paid by Brian, Anita and Our Secret of California.

---

2. This should not of course be misunderstood as an expression as to the likelihood of Fields' success on his substantive claims. But what does leap out of the Complaint is Fields' view of Sands (1) as a prime target of Fields' claims and (2) as an important co-conspirator with Brian and Anita (with Our Secret of California as an intended partial beneficiary of that activity)— see especially Complaint ¶¶ 12–14, and ¶ 16 (as linked with ¶ 15) as well. All that directly belies what counsel for the removing defendants has sought to do here.

3. See generally Comment, *Federal Preemption, Removal Jurisdiction, and the Well-Pleaded Complaint Rule*, 51 U.Chi.L.Rev. 634 (1984).