**Robert M. and Mary Jane GREISING, individually and as parents and natural guardians of Mari Lee Greising, Plaintiffs,**

v.

**C.P. CHEMICAL COMPANY, INC., Defendant.**

Civ. No. 4–86–643.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 29, 1986.

Allan Shapiro, Minneapolis, Minn., for plaintiffs.

Jeffrey O. Knutsen, Minneapolis, Minn., and (Michael McManus, of counsel), Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plaintiffs' motion to remand. Plaintiffs' motion will be denied.

### FACTS

Plaintiff Robert and Mary Jane Greising and their daughter Mari Lee are residents of Waterville, Le Sueur County, Minnesota. Defendant C.P. Chemical Company, Inc. is a foreign corporation with its principal place of business in White Plains, New York. This is a products liability action arising from the installation of foam insulation in the Greising home in 1978. Plaintiffs allege that they suffered damages from toxic fumes released by the insulation. The action was originally filed in the Le Sueur County District Court, First Judicial District of Minnesota in 1982. Plaintiffs brought the state action against the defendant who manufactured the installation and against the installers of the insulation, Home Insulating Specialists, Inc. (HIS). HIS is a corporation organized and

operating under the laws of Minnesota, and is located in Madison Lake, Minnesota. Since plaintiffs and HIS were both residents of Minnesota, there was no diversity and the action could not be removed to federal court. In late May, 1986, however, plaintiffs entered into a Pierringer release with HIS and a settlement was signed and finalized in early July, 1986. Plaintiffs' counsel signed the dismissal, prepared a proposed order of dismissal of HIS and submitted them to the Le Sueur County Court. The order was signed by the court on July 8, 1986 and filed by plaintiffs' counsel on July 9, 1986. On July 9, 1986 the clerk of the court of Le Sueur County sent out the dismissal and order of dismissal and the judgment of dismissal to all counsel of record, including both Minnesota and Washington, D.C. counsel for defendant C.P. Chemical. However, due to a clerical error, the judgment of dismissal incorrectly dismissed plaintiffs' entire action, instead of just dismissing defendant HIS. Plaintiffs' counsel received the documents on July 11, 1986 and notified the Le Sueur County court of the error. The judgment of dismissal was then amended the same day (July 11, 1986) and sent to all counsel of record. Counsel for plaintiffs and defendant C.P. Chemical's Minnesota and Washington, D.C. counsel all received the amended judgment of dismissal on July 14, 1986. Once HIS was dismissed from the case, diversity existed between plaintiffs and defendant. On August 13, 1986 the defendant C.P. Chemical served notice and verified petition for removal upon the Le Sueur County District Court.

Plaintiffs now move to remand to the state court. Plaintiffs allege that defendant's removal to federal court was untimely.

## DISCUSSION

The procedure for removal of cases from state court is governed by 28 U.S.C. § 1446, which provides that:

(a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) .... If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Remand back to state court is governed by 28 U.S.C. § 1447, which provides that:

(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise....

The time limitations of 28 U.S.C. § 1446 (the removal statute) are mandatory and are subject to strict construction. *Percell's Inc. v. Central Tel. Co.*, 493 F.Supp. 156, 157 (D.Minn.1980); 14 C. Wright and A. Miller & Cooper, *Federal Practice and Procedure* § 3732 (1985). In the case at bar defendant's petition for removal was filed on August 13, 1986. In order for this petition to have been timely made, it must have been "filed within thirty days after the receipt by the defendant ... of a copy of [some document] from which it may first be ascertained that the case is one which ... has become removable." 28 U.S.C. § 1446(b). To come within the 30–day limit, defendant must have received the rele-

vant document no sooner than July 14, 1986.

■ The incorrect judgment of dismissal, mailed by the Le Sueur County clerk on July 9, 1986, was received by defendant's Minnesota counsel on July 10, 1986. Defendant's Washington, D.C. counsel did not receive the incorrect judgment of dismissal until July 14, 1986. Plaintiffs argue that upon receipt by Minnesota counsel of this judgment on July 10, 1986, defendant could ascertain that diversity existed and therefore that the case was removable. Plaintiffs argue that even though the judgment incorrectly dismissed the entire case, the dismissal and order of dismissal accompanying the judgment correctly dismissed only HIS. Plaintiffs also contend, and defendant does not dispute, that defendant in fact knew that the judgment was only meant to dismiss HIS. Thus plaintiffs contend that the 30-day time limit on removal expired August 11, 1986, two days before defendant actually petitioned for removal.

Defendant argues, however, that the case was not removable until July 14, 1986. July 14, 1986 is the date that both Minnesota and Washington, D.C. counsel for the defendant received the amended judgment of dismissal. In fact, the first judgment of dismissal, even if incorrect, had legal effect. Since the incorrect judgment of dismissal dismissed the entire case, defendant could not have removed to federal court because there was nothing left to remove. Even if the defendant had known the judgment was incorrect, it could not legally have removed until the judgment of dismissal was amended and the case against defendant reinstated. At best, the conflict between the correct dismissal and order of dismissal and the incorrect judgment of dismissal created an ambiguity as to whether in fact the case was removable. As one court has stated, "... the purpose of § 1446(b) ... is to limit the time for removal *except where the defendant cannot be sure that the case is removable.*" *Mielke v. Allstate Insurance Co.,* 472 F.Supp. 851 (E.D.Mich.1979) (emphasis added). Here, the defendant could not be sure that the case was removable upon receipt

on July 10, 1986 of the first judgment of dismissal. The amended judgment was sent out by the court clerk on July 11, 1986, but as section 1446(b) states: "... a petition for removal may be filed within thirty days *after receipt by the defendant,* through service or otherwise, of a copy of [the relevant document]...." (Emphasis added.) Since both of defendant's counsel received the amended judgment on July 14, 1986, the 30-day limit began to run after that date. Therefore, when defendant petitioned for removal on August 13, 1986, the petition was within the 30-day limit of 28 U.S.C. § 1446 and thus was timely made.

Based on the foregoing, IT IS ORDERED that plaintiffs' motion to remand is denied.