Louise P. ADAMS, Plaintiff,

v.

AERO SERVICES INTERNATIONAL, INC.; Beckett Aviation, Inc.; CSX Corporation; and, Allstate Insurance Company, Defendants.

No. CA 87–0256–R.

United States District Court, E.D. Virginia, Richmond Division.

April 13, 1987.

Ralph L. Axselle, Jr., Axselle, Hundley, Johnson & Harris, Richmond, Va., for plaintiff.

M. Pierce Rucker, Sands, Anderson, Marks & Miller, Richmond, Va., William E. Hester, III, Robert F. Spencer, Jr., Kullman, Inman, Bee & Downing, New Orleans, La., for defendant Aero Services Intern., Inc.

Donald L. Creach, Hunton & Williams, Richmond, Va., for defendant Beckett Aviation, Inc.

Michael W. Smith, Craig T. Merritt, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., for defendant CSX Corp.

James P. McElligott, Jr., Stephen W. Wood, McGuire, Woods, Battle & Boothe, Richmond, Va., for defendant Allstate Ins. Co.

## MEMORANDUM OPINION AND ORDER

RICHARD L. WILLIAMS, District Judge.

### I.

On or about 19 February 1987, plaintiff Louise P. Adams filed a Bill of Complaint in the Circuit Court for the City of Richmond. Named as defendants were Aero Services International, Inc. ("Aero"); Beckett Aviation, Inc. ("Beckett"); CSX Corporation ("CSX"); and Allstate Insurance Company ("Allstate"). Plaintiff claims that she was denied coverage under a self-funded employee medical insurance plan. She requests the immediate reinstatement and continuation of the benefits provided under the plan, which was allegedly modified without her consent.

On 16 March 1987, defendant Aero filed a petition for removal in this Court, alleging that the Court has removal jurisdiction pursuant to 28 U.S.C. §§ 1441(a) and 1441(b). While defendants CSX and Beckett filed their consents to removal on 24 and 31 March 1987 respectively, defendant Allstate moved to dismiss on 23 March 1987 on the grounds that, *inter alia*, removal is improper since it did not join in nor consent to the removal.

Allstate's motion to dismiss, which the Court treats as a motion to remand, is before the Court and is ripe for determination.

### II.

Between two hawks, which flies the higher pitch;
Between two dogs, which hath the deeper mouth;
Between two blades, which bears the better temper;
Between two horses, which doth bear him best;
Between two girls, which hath the merriest eye;
I have, perhaps, some shallow spirit of judgment;
But in these nice sharp quillets of the law, Good faith, I am no wiser than a daw.[1]

Unlike many areas of the law, the mechanics of removal are fairly straightforward. While 28 U.S.C. § 1441 sets forth

---

**1.** W. Shakespeare, *Henry VI*, Part I, Act II, sc. iv, 1. 12.

the jurisdictional requirements for removal of an action from state court to federal court, § 1446 provides the procedure. Assuming the jurisdictional requirements of § 1441 are met, § 1446(a) provides that "a defendant or defendants" desiring removal shall file a petition in the federal district court for the district and division within which the action is pending.

■■■ Removal of civil cases to federal court is an infringement on state sovereignty. Consequently, the statutory provisions regulating removal must be strictly applied. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Failure to comply with those provisions generally constitutes an adequate ground for remand to the state court. *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 445 (M.D. N.C.1982).

Courts have uniformly ruled that "defendants" must be treated collectively: § 1446(a) requires all defendants in an action who may properly join in a removal petition made under § 1441(a) or § 1441(b) to join in or consent to the petition.[2] *Gableman v. Peoria, Decatur & Evansville Railway Co.*, 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900); *Perpetual Building & Loan Ass'n v. Series Directors of Equitable Building & Loan Ass'n, Series No. 52*, 217 F.2d 1 (4th Cir.1954), *cert. denied*, 349 U.S. 911, 75 S.Ct. 599, 99 L.Ed. 1246 (1955); *Folts v. City of Richmond*, 480 F.Supp. 621, 624–25 (E.D.Va.1979).

■■ The removal petition before this Court was filed and signed by defendant Aero only. The petition was not joined by defendant Allstate. In fact, Allstate opposes the removal. Defendant Aero having failed to secure the joining or consent of all the defendants to this action, the Court is without the authority conferred upon federal courts by § 1441(a) or § 1441(b). Accordingly, an order to remand is required by well-established law.

The Court notes that another aspect of the removal procedures seems to have confounded the defendants seeking to remove this action. All defendants who must join in or consent to the removal petition must do so within thirty (30) days of service of process. *Mason v. International Business Machines, Inc.*, 543 F.Supp. at 446; *Albonetti v. GAF Corporation—Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex. 1981). *See, e.g., Tri-Cities Newspaper, Inc. v. Tri-Cities Printing Pressmen and Assistants Local 349*, 427 F.2d 325 (5th Cir.1970). The petitioning defendant bears the burden of establishing compliance with the requirements of the removal statute, including the requirement of the joinder or timely consent of all defendants.

■■ Defendant Beckett's consent to removal, however, does not specify when Beckett received service of process. The other defendants were served with plaintiff's Bill of Complaint on or about 24 or 25 February 1987. Thus, it appears likely that Beckett's consent, filed on 31 March 1987, comes more than thirty (30) days after service of process. In any event, defendant Aero has clearly not established Beckett's timely consent in strict compliance with § 1446(a). The failure to join in or consent to removal in a timely fashion is a substantial albeit non-jurisdictional defect in the removal proceedings. *Mason v. International Business Machines, Inc.*, 543 F.Supp. at 446. Because the statutory time limitation is mandatory and must be strictly complied with, noncompliance is sufficient to render removal improper and to require remand.

---

**2.** Exceptions to the requirement that all defendants join exist where: (1) the non-joining defendants had not been served with process at the time the removal petition was filed; (2) those defendants are merely nominal or formal party defendants; or, (3) the removed claim is separate and independent of one or more non-removable claims against the non-joining defendants. *Mason v. International Business Ma-* *chines, Inc.*, 543 F.Supp. at 446, n. 1. No defendant here asserts any of these exceptions. The limitation requiring the concurrence of all defendants does not operate on removal under 28 U.S.C. § 1442 either. *See Folts v. City of Richmond*, 480 F.Supp. 621, 625, n. 3 (E.D.Va. 1979); *Jones v. Elliott*, 94 F.Supp. 567 (E.D.Va. 1950). Defendant Aero, however, seeks to remove under § 1441(a) and § 1441(b).

## III.

The Court, therefore, GRANTS defendant Allstate's motion to remand, and, pursuant to 28 U.S.C. § 1447(c), hereby REMANDS this action to the Circuit Court of the City of Richmond. The Court further ORDERS, pursuant to 28 U.S.C. § 1446(d) and § 1447(c), that defendant Aero pay all costs and disbursements, if any, incurred by reason of this removal proceeding.

Let the Clerk send a certified copy of this memorandum opinion and order to all counsel of record and to the Clerk of the Circuit Court of the City of Richmond.