**COMMONWEALTH OF PUERTO RICO, Through the COMMISSIONER OF FINANCIAL INSTITUTIONS, Plaintiff**

v.

**EURO PACIFIC BANK LTD., Virgilio Emilio Rodriguez Torruella, Virgilio Rodriguez Vega, in their individual character and doing business as: Ver Enterprises, World Credit Network, Credit Network, John Doe and Richard Roe, Defendants.**

Civ. No. 87–0705 (JP).

United States District Court, D. Puerto Rico.

June 5, 1987.

Nicolás Nogueras, Jr., Rio Piedras, P.R., for plaintiff.

Víctor Miranda Corrada, Brown, Newsom & Córdova, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

The parties met with the Court in chambers on June 3, 1987, pursuant to a hearing on a Temporary Restraining Order filed by plaintiff Commonwealth. Representing plaintiff was Víctor Miranda Corrada, Esq., and representing defendants were Nicolás Nogueras, Jr., Esq., and Moisés Gómez Rijos, Esq. The Court heard arguments from counsel.

Also pending before the Court, however, is plaintiff's motion to remand this case to the state court. Defendants petition for removal was filed June 2, 1987, seven days after the complaint was filed in the state court. Defendants removed the case based on 28 U.S.C. § 1441(a), in that defendants claim that this Court has original jurisdiction under 28 U.S.C. section 1330(a) or, alternatively, section 1331.[1] The claim of section 1330 jurisdiction is that this is a civil action against a foreign state. De-

1. Without reaching the argument, we note Judge Wisdom's cogent opinion in *Goar v. Compania Peruana de Vapores*, 688 F.2d 417 (5th Cir.1982), outlining the legislative history of § 1330. "Every appellate court that has considered whether § 1330(a) is the *sole* source of

fendants Virgilio Emilio Rodríguez Torruella and Virgilio Rodríguez Vega claim that defendant Euro-Pacific Bank Ltd. is an instrumentality of the Kingdom of Tonga. An action against Euro-Pacific is therefore an action against the Kingdom of Tonga.[2]

The defendants' right to remove is to be determined according to the plaintiff's pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction. *Pullman Company v. Jenkins,* 305 U.S. 534, 537, 540, 59 S.Ct. 347, 348, 350, 83 L.Ed. 334, 338, 339 (1939); *Steel Valley Authority v. Union Switch & Signal Division,* 809 F.2d 1006, 1010 (3d Cir. 1987); *Abels v. State Farm Fire & Casualty Company,* 770 F.2d 26, 29 (3d Cir.1985); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3739 (2d ed. 1985). The removal statute is to be strictly construed and all doubts resolved in favor of remand. *Abel,* 770 F.2d at 29; 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3642. In ruling on whether an action should be remanded, we must examine the plaintiff's complaint at the time the petition for removal was filed. *Steel Valley,* 809 F.2d at 1010; *Abel,* 770 F.2d at 29.

Plaintiff's complaint denominates defendant Euro-Pacific as "an alleged bank which is allegedly organized and located in the Kingdom of the Islands of Tonga in the South Pacific." Clearly plaintiff knows of the foreign character of Euro-Pacific. Under 28 U.S.C. section 1603(a) and 1603(b)(2), Euro-Pacific could qualify as a foreign state for section 1330 purposes if it is owned by the Kingdom of Tonga or operates as an organ of that state. Defendants' petition for removal denominates

Euro-Pacific as "an off-shore bank organized and functioning under the laws of the Kingdom of Tonga." This is not an averment of ownership, nor does organization under a sovereign's laws entail that the entity operate as an organ of the state. Defendants' claim of jurisdiction under section 1330 fails.

Defendant further contends that this suit arises under 22 U.S.C. section 2370(e)(2). That section deals with federal jurisdiction in case of confiscation of property by a foreign state. Defendant's claim is frivolous. Finally, defendant tries to make out a claim that Puerto Rican securities law is preempted by the federal securities regulatory scheme. It is, however, beyond cavil that the several states may regulate securities sold within their jurisdictions. Additionally, preemption is a defense, not grounds for removal. *Olguin v. Inspiration Consolidated Copper Company,* 740 F.2d 1468, 147 (9th Cir.1984). In short, defendant makes out no federal question jurisdiction under 28 U.S.C. section 1331.

Having examined every imaginable jurisdictional basis raised by defendants' petition, the Court finds that this case was removed improvidently and we are without subject matter jurisdiction. Plaintiff's Motion for a Temporary Restraining Order is MOOT. This case is REMANDED to the state court from whence it came.

The Clerk shall act accordingly.

IT IS SO ORDERED.

federal jurisdiction in suits against corporations owned by foreign states *has concluded that it is.*" 688 F.2d at 421 (emphasis added; citations omitted). It would seem that defendant may not argue this petition for removal in the alternative.

2.  28 U.S.C. § 1330(a) proivdes:

The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity....

28 U.S.C. § 1603, in turn, provide,

(a) A "foreign state", ... includes ... an agency or instrumentality of a foreign state as defined in subsection (b).

(b) An "agency or instrumentality of a foreign state" means any entity—...

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof.