**P. Reginald FELLHAUER, Plaintiff,**

v.

**The CITY OF GENEVA, a municipal corporation, and Richard Lewis, Individually, and in his official capacity as Mayor of the City of Geneva, Defendants.**

No. 87C2360.

United States District Court, N.D. Illinois, E.D.

Oct. 28, 1987.

Steven M. Cooper, Richard L. Cooper, Geneva, Ill., for plaintiff.

Joseph J. Hahn, Arvey, Hodes, Costello & Burman, Chicago, Ill., James R. Schirott, Charles E. Hervas, James G. Sotos, Frank J. Bochte, John Pankau, Jr., Schirott & Associates, Itaskca, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

The plaintiff, P. Reginald Fellhauer ("Fellhauer"), filed this action in the Illinois circuit court in Kane County, alleging that the defendants, the City of Geneva ("City") and Richard Lewis ("Lewis"), the City's mayor, violated federal and state law by removing him from his position as the City's Director of Electrical Department. Lewis subsequently petitioned to remove the case to this court pursuant to 28 U.S.C. sec. 1441(b)[1], but the City did not join in the petition. Before the court are Fellhauer's motion to remand this action to the Illinois circuit court and Lewis's motion for leave to amend his petition for removal. For the reasons set forth below, we grant Fellhauer's motion to remand this action, and we deny Lewis's motion for leave to file an amended petition.

## I. FACTS

The essential facts for purposes of the pending motions are as follows. On February 13, 1987, Fellhauer filed a complaint[2] in the Illinois circuit court in Kane County alleging that the City and Lewis illegally had removed him from his position as the City's Director of Electrical Department. Counts IV and V of Fellhauer's Complaint allege violations of 42 U.S.C. sec. 1983 against the respective defendants. On March 10, 1987, based on these federal claims, Lewis removed the entire case to this court. *See* sec. 1446(b). The City, however, did not join in or otherwise consent to Lewis's petition for removal, and the petition failed to provide any explanation of the City's failure to do so.

The very next day, on March 11th, Lewis filed a motion, to which Fellhauer agreed without objection, to enlarge the time within which he would answer or otherwise plead to Fellhauer's complaint. About two weeks later, on March 27th, Lewis filed another motion; this one requesting leave to file a brief in excess of 15 pages. Fellhauer again agreed without objection.

On March 31st, the City, still not having joined in or consented to the petition for

---

1. All references to Title 28 of the United States Code shall be designated as sec. _____.

2. Actually, the complaint that Fellhauer filed on February 13th was an amended complaint. Since it was the first pleading to contain a removable claim (Count IV alleged a cause of action under 42 U.S.C. sec. 1983), it constitutes the relevant starting point for our analysis.

removal, filed an answer to Fellhauer's complaint and a motion for summary judgment and supporting memorandum. Neither the answer nor the summary judgment motion contained any indication that the City joined in or consented to the removal. On April 1st, Lewis moved to dismiss the complaint. Fellhauer requested that the court stay briefing on the defendants' motions until the court ruled on his motion for remand. The court denied his request for a stay,[3] and all of the motions, including Fellhauer's motion to remand, which he filed on April 10th, are now fully briefed.

## II. DISCUSSION

▮ A federal court's jurisdiction under the removal statutes constitutes an infringement upon state sovereignty. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). "Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions." *Mason v. IBM*, 543 F.Supp. 444, 445 (M.D.N.C.1982); *see also Adams v. Aero Services International, Inc.*, 657 F.Supp. 519, 521 (E.D.Va. 1987); *ANR Pipeline Co. v. Conoco, Inc.*, 646 F.Supp. 439, 442 (W.D.Mich.1986). It follows, then, that federal jurisdiction over cases removed from state court should be rejected where the propriety of removal is doubtful. *Mason*, 543 F.Supp. at 446 n. 3; *Zack Co. v. Howard*, 658 F.Supp. 73, 76 (N.D.Ill.1987). The party petitioning for removal bears the burden of establishing compliance with the removal statute's requirements. *Adams*, 657 F.Supp. at 521;

*see also Hardesty v. General Foods Corp.*, 608 F.Supp. 992, 993 (N.D.Ill.1985); *ANR Pipeline*, 646 F.Supp. at 442.

In order for an action to be properly removed from state court to federal court, all defendants must consent to it "within thirty days after the receipt by the defendant * * * of the copy of the initial pleading" containing the removable claim. Sec. 1446(b).[4] *Northern Illinois Gas v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982); *Hardesty*, 608 F.Supp. at 993. This means that *each* defendant must communicate his consent to the court, either orally or in writing, within the thirty-day period.[5] *See, e.g., Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (N.D.Ga.1985); *Knowles v. Hertz Equipment Rental Co.*, 657 F.Supp. 109, 110 (S.D.Fla.1987).

▮ The thirty-day requirement is not a jurisdictional limitation, (*see Clyde*, 609 F.Supp. at 219; *Knowles*, 657 F.Supp. at 110), and therefore a plaintiff may waive or be estopped from asserting this objection. *See Schoonover v. West Amer. Ins. Co.*, 665 F.Supp. 511, 514 (S.D.Miss.1987). Nevertheless, the time limitation is mandatory and must be strictly construed. *Douglass v. Weyerhaeuser Co.*, 662 F.Supp. 147, 149 (C.D.Cal.1987); *Commonwealth of Puerto Rico v. Euro Pacific Bank Ltd.*, 661 F.Supp. 1082, 1083 (D.P.R. 1987); *Greising v. C.P. Chemical Co., Inc.*, 646 F.Supp. 553, 554 (D.Minn.1986). Accordingly, if all defendants do not consent to removal within the thirty-day period, "the district court shall remand the case * * *." Sec. 1447(c). *See also Adams*, 657 F.Supp. at 521; *Fields v. Reichenberg*, 643 F.Supp. 777, 778 (N.D.Ill.1986).

---

3. At this time, the case was assigned to Judge Hart's calendar, but was subsequently reassigned to this court in June of 1987.

4. The unanimous consent or joinder of all defendants is not required where the non-joining defendant is either an unknown or nominal party, or where a defendant has been fraudulently joined. *See e.g., Romashko v. Avco Corp.*, 553 F.Supp. 391, 392 (N.D.Ill.1983); *Hess v. Great Atlantic & Pacific Tea Co., Inc.*, 520 F.Supp. 373, 375 (N.D.Ill.1981). Neither Lewis nor the City, however, contends that any of these exceptions is applicable in this case.

5. Requiring the consent of all defendants serves three principal functions: (1) it eliminates the risk of inconsistent adjudications in federal and state courts; (2) it prevents one defendant from choosing the forum for all of the defendants; and (3) it preserves the ability of state courts to entertain federal claims that Congress has not committed exclusively to federal jurisdiction. *Hess v. Great Atlantic & Pacific Tea Co., Inc.*, 520 F.Supp. 373, 375 (N.D.Ill.1981).

In this case, it is undisputed that the City did not communicate its consent to removal to the court within the requisite thirty-day period. In the face of this seemingly fatal flaw, Lewis contends that we should not remand his case for no less than four reasons: first, the City communicated its consent to removal to Lewis prior to the date upon which the action was removed; second, Fellhauer has waived his right to object to the removal as improper; third, Fellhauer is estopped from objecting by his post-removal conduct; and finally, the defect is merely "technical", and therefore Lewis should be allowed to "cure" it by amending the petition to reflect the City's consent. We reject each of these arguments.

### A. The City's Consent to Lewis

Lewis first asserts that "although the City ha[d] not separately removed nor previously consented in writing to * * * Lewis'[s] petition, the City had [in a] telephone conversation [with Lewis] * * * prior to the filing of [the] petition verbally consented to the removal." Lewis Resp. at 1. This argument has been flatly rejected by several courts, (*see, e.g., Mason v. IBM*, 543 F.Supp. 444 (M.D.N.C.1982); *Clyde v. National Data Corp.*, 609 F.Supp. 216 (N.D.Ga.1985)), and we now join them. The removal statutes require that all defendants communicate their consent *to the court*—not to one another. To adopt Lewis's reasoning would emasculate the mandatory timeliness requirement in removal actions involving multiple defendants, and would result in greater infringements on state sovereignty by the federal courts. Such a result, as we make clear in section C *infra*, will not be effected by this court absent compelling justification, and Lewis has not and cannot provide such justification here.

### B. Waiver and Estoppel

Lewis next argues that Fellhauer, by "assenting" to certain "procedural matters" following removal, has waived his right to object to removal. Waiver, of course, involves the intentional relinquishment of a known right, either expressly or by conduct inconsistent with an intent to enforce that right. *J.H. Cohn & Co. v. American Appraisal Assoc., Inc.*, 628 F.2d 994, 1000 (7th Cir.1980). In the removal context, waiver consists of "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Maybruck v. Haim*, 290 F.Supp. 721, 724 (S.D.N.Y.1968); *accord Clyde*, 609 F.Supp. at 219.

In support of his contention that Fellhauer has waived his right to object, Lewis cites *Harris v. Edward Hyman Co.*, 664 F.2d 943 (5th Cir.1981). In *Harris*, the plaintiff sued her employer (Hyman) and her union in state court seeking to enforce the terms of a collective bargaining agreement. Hyman (after the thirty-day period had elapsed) petitioned to remove the case to federal court. The union, however, did not join in Hyman's petition or otherwise notify the court of its consent to the removal. Following removal, Harris served discovery requests on both defendants and also responded to discovery requests Hyman had served upon her. Harris did not object to the union's failure to consent to the removal until 76 days after the case had been removed. On this record, the Fifth Circuit held that Harris had waived her right to object to the removal.

We believe that *Harris* is easily distinguished from the present case. Unlike Harris, Fellhauer has not initiated any action, other than filing his motion for remand, in this court.[6] It is true that Fellhauer's counsel extended professional courtesies to Lewis's counsel following the removal of this action by agreeing to Lewis's

---

6. Thus, this case is also distinguishable from *In re Moore,* 209 U.S. 490, 496, 28 S.Ct. 585, 587, 52 L.Ed. 904 (1908), in which the Supreme Court held that a plaintiff who had filed an amended pleading and entered into two stipulations after removal had waived her right to object to the removal, and *Intercostal Refining Co., Inc. v. Jalil,* 487 F.Supp. 606, 608 (S.D.Tex.1980), in which the court held that a plaintiff had waived his right to object to removal because he had filed a jury demand after removal.

request for an extension of time within which to file a responsive pleading and his request to file a brief in excess of fifteen pages. But we do not believe that these actions, simple responses to requests of a purely procedural nature [7], constitute affirmative conduct or unequivocal assent of the "sort which would render it offensive to fundamental principles of fairness to remand."

■ Lewis makes the closely related argument that Fellhauer is estopped from objecting to the removal because both Lewis and the City have prepared and filed extensive motions in this court "in reasonable reliance that [Fellhauer], by agreeing to the two procedural motions * * * waived any technical objections to removal." Lewis Resp. at 6. We disagree. Estoppel, unlike waiver, which centers on whether a party possessing a right intended to relinquish it, "focuses on the effects of the [actor's] conduct * * *. It arises when a party's conduct leads another into believing that a right will not be enforced and causes the other party to act to his detriment in reliance upon this belief." *J.H. Cohn*, 628 F.2d at 1000 (citation omitted). We hold that the courtesies which Fellhauer's counsel extended to Lewis's counsel were not actions that could lead Lewis or the City to believe reasonably that Fellhauer would not exercise his right to object to the defective removal. Nor do we believe that the preparation of the motions filed by Lewis and the City is "detrimental" since the substance of the motions still can (and probably will) be considered by the presiding state court judge. Finally, there is no reason to believe that the defendants would not have filed these motions in state court,

and every reason to believe that they would have; thus, we do not believe that the defendants' preparation of their motions was "caused" by the courtesies extended by Fellhauer's counsel.

## C. Leave to File an Amended Petition

■ Lewis repeatedly characterizes his failure to include the fact of the City's consent in his petition for removal as a "technical" (as opposed to a substantive) defect. He does so for good reason: if the defect is merely technical, then we can grant leave to amend the petition even though the thirty-day limit has long since passed. If it is a substantive defect, on the other hand, we cannot. Unfortunately for Lewis, it is well settled that the failure to join or gain the consent of all defendants in timely fashion is a substantive defect.[8] *See, e.g., Adams v. Aero Services Inter., Inc.*, 657 F.Supp. 519, 521 (E.D.Va.1987); *Hardesty v. General Foods Corp.*, 608 F.Supp. 992, 993 (N.D.Ill.1985); *Mason v. IBM*, 543 F.Supp. 444, 446 (M.D.N.C.1982). Therefore, it would be improper to allow Lewis to amend his petition at this late stage of the game. Accordingly, Lewis's motion for leave to file an amended petition is denied.

Having disposed of each of Lewis's arguments, we pause to reemphasize the underlying concept which leads us to conclude that this case must be remanded to the Illinois state courts: federalism. We do so because we believe that Lewis's characterization of the defect in his petition as a mere "technical" flaw that can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can

---

7. Lewis has not argued, as he might have, that Fellhauer has waived his right to object because he has responded to *substantive* motions filed by the defendants, and therefore we decline to address it. *See National Metalcrafters v. McNeil*, 784 F.2d 817, 825 (7th Cir.1986). Nevertheless, we note that this position bears little weight where, as here, a litigant has requested to stay proceedings pending a decision on a motion to remand, but the request is denied, thereby compelling the litigant to respond or risk other, perhaps more drastic consequences. *See Clyde* 609 F.Supp. at 219.

8. Lewis's reliance on *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270 (7th Cir.1982), is misplaced. In *Northern Illinois*, the Seventh Circuit held, *inter alia*, that a lower court properly allowed a defendant to cure a defective petition where the non-joining defendant was a purely nominal party. This rationale, however, does not extend to a situation where, as here, the petition fails to join or explain the nonjoinder of a substantive defendant. *See Hardesty v. General Foods Corp.* 608 F.Supp. 992, 993 n. 2 (N.D.Ill.1985).

—and should—be invoked. As we have tried to make clear, the principle of federalism is not, as some now see it, a quixotic anachronism that can be ignored whenever it poses an obstacle to achieving a result that a disgruntled litigant or even a federal judge deems desirable. As Justice Frankfurter understood, federalism serves "not as a matter of doctrinaire localism, but as a promoter of democracy", (*San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 243, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959)), by diffusing power between the federal and state governments, and thereby frustrating tyranny which is made possible by the concentration of power.

We deal here with a question of federal jurisdiction, and "[q]uestions of jurisdiction are questions of power * * *." *Barnes v. Kline*, 759 F.2d 21, 43 (D.C.Cir.1985) (Bork, J., dissenting). In our view, therefore, to exercise jurisdiction in cases such as this one would serve to concentrate the power of the federal government unnecessarily at the expense of the sovereignty of the several States. Accordingly, we believe the conclusion we reach in this case is consistent with and dictated by this fundamental principle.

Though the foregoing remarks may appear to sacrifice the substance of justice to what some view as its inferior relation—form, this view is flawed: form is "the essence of the theory and practice of constitutionalism." Bickel, *The Morality of Consent* 30 (1975).

### III. CONCLUSION

For the foregoing reasons, it is hereby ordered that:

(1) Fellhauer's motion for remand is GRANTED;

(2) Lewis's motion for leave to file an amended petition for removal is DENIED;

(3) pursuant to 28 U.S.C. sec. 1447(c), this action is REMANDED to the Illinois Circuit Court for the Sixteenth Judicial Circuit Court, Kane County, Illinois;

(4) pursuant to 28 U.S.C. sec. 1447(c) and Northern District Civil Rule 3(c), Fellhauer shall deposit with the Clerk of the United States District Court for the Northern District of Illinois a copy of this Memorandum Opinion and Order to be certified and mailed to the Clerk of the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, and

(5) pursuant to 28 U.S.C. sec. 1446(d) and 1447(c) and Northern District Civil Rule 3(a), Lewis shall pay all costs and disbursements incurred by Fellhauer by reason of the removal proceedings, excluding attorney's fees. Fellhauer is directed to submit appropriate documentation of such costs and disbursements to the court within 14 days hereof.