**P-NUT CARTER'S FIREWORKS, INC., Plaintiff,**

v.

**D.T. CAREY, as Lead Underwriter Subscribing to Policy of Insurance Numbered USA 0063, and Frances L. Coombs, Defendants.**

Civ. A. No. D:88–0335–8.

United States District Court,
D. South Carolina,
Beaufort Division.

June 8, 1988.

Algie G. Solomons, Jr., Estill, S.C., for plaintiff.

B. Allston Moore, Jr., Charleston, S.C., Darrell Thomas Johnson, Jr., Hardeeville, S.C., for defendants.

ORDER

BLATT, Chief Judge.

This matter is before the court on the plaintiff's motion to remand this action to the Court of Common Pleas, Jasper County, South Carolina, on the ground that this action was improperly removed.

This action was originally instituted by the plaintiff in the Court of Common Pleas for Jasper County, South Carolina, seeking a declaratory judgment against the nonresident defendants. The basis for the action for declaratory judgment arose out of an accident involving personal injury to defendant Coombs on the plaintiff's premises located in Jasper County. Defendant Carey issued an insurance certificate covering the business location of the plaintiff with premises liability insurance. However, defendant Carey denied coverage to Coombs. Since coverage was denied, a declaratory judgment action was filed and served upon defendant Coombs on November 23, 1987, and upon defendant Carey on December 3, 1987. An amended summons and complaint was served on the defendants on January 12, 1988, and subsequently, defendant Carey filed his removal petition.

The plaintiff contends that the removal petition is defective because all defendants have not joined in the removal of this action.[1] Defendant Carey, on the other hand,

1. Moreover, in a response filed on March 7, 1988, defendant Coombs conceded the merit of

contends that Coombs is merely a nominal party, and, therefore, an exception to the general rule argued by the plaintiff is applicable where nominal parties are involved. *See Ryan v. State Board of Elections of State of Illinois,* 661 F.2d 1130 (7th Cir.1981).

■■■ Although this court recognizes the nominal party exception where applicable [2], the court, nevertheless, finds the petition for removal filed herein defective. Where a codefendant has not joined in a removal petition, the petitioning defendant must affirmatively explain the absence of his codefendant in the removal petition; otherwise, the removal petition is rendered defective. *Romashko v. Avco Corporation,* 553 F.Supp. 391 (N.D.Ill.1983). *See also DiCesare–Engler Productions, Inc. v. Mainman Ltd.,* 421 F.Supp. 116 (W.D.Pa. 1976); *Mayers v. Connell,* 651 F.Supp. 273 (M.D.La.1986). In this case, the petitioning defendant has failed to meet its burden under 28 U.S.C. § 1446 to explain the absence of its codefendant, and, therefore, the removal petition is defective. Moreover, a timely cure of the petition has not been made within the thirty-day period provided for in 28 U.S.C. § 1446. *See Courtney v. Benedetto,* 627 F.Supp. 523 (M.D.La. 1986); *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270 (7th Cir. 1982).

Accordingly, since this court finds that the removal petition is defective [3], the plaintiff's motion is hereby granted, and this case must be remanded to the Court of Common Pleas for Jasper County.

IT IS SO ORDERED.

---

the motion to remand and indicated that he was never asked to join in the petition for removal.

2. In any event, the court finds that the plaintiff's request in its complaint to enjoin any further proceedings in the personal injury action by defendant Coombs would preclude this court from treating Coombs as a nominal party, and therefore, the exception would be inapplicable to this case.

3. The court need not consider the appropriateness of an amended petition beyond the thirty-day period to cure in light of the apparent unwillingness of defendant Coombs to join in the petition and because of this court's finding that Coombs is not a nominal party. *See Fellhauer v. City of Geneva,* 673 F.Supp. 1445 n. 8 (N.D.Ill.1987); *Hardesty v. General Foods Corp.,* 608 F.Supp. 992 (D.C.Ill.1985).