**Charlotte LONDON, Plaintiff,**

v.

**ACCUFIX RESEARCH INSTITUTE, INC., formerly known as TPLC, Inc., a/k/a Telectronics Pacing Systems, Inc., Defendants.**

**No. 97 C 1022.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 20, 1997.

256

Joseph Michael Dooley, III, Lane & Lane, Chicago, IL, for Plaintiff.

Paul Evans Chronis, McDermott, Will & Emery, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Defendant recently removed this case, which originally was filed in the Circuit Court of Cook County, to federal court on the basis of diversity of citizenship. Because the court finds the removal premature, the court remands the case to the state court where it originated.

Plaintiff has not yet filed a complaint, either in state court or this court. However, plaintiff filed in state court an emergency motion for an order of protection and disclosure against defendant. The motion claims that plaintiff was seriously injured on July 25, 1996, when her pacemaker stopped working. The motion claims that defendant manufactured the pacemaker, which was removed from plaintiff on July 31, 1996. The motion claims that defendant examined the pacemaker on September 19, 1996, and still has the pacemaker in its possession. The motion therefore requests a protective order ordering defendant to preserve the condition of the pacemaker and all of its parts, so that plaintiff may name all proper defendants and prosecute the action in an appropriate manner. The motion gives no other details about plaintiff's presumably forthcoming cause of action. The motion is the only pleading in

this case, and thus is the pleading on which defendant bases removal.

In its notice of removal, defendant contends that the motion demonstrates plaintiff's intention to file a lawsuit against defendant, and that the motion constitutes an initial pleading that provides a clear statement of the case from which the removability of the case can be ascertained. Defendant asserts that it is a citizen of Colorado and Delaware and plaintiff is a citizen of Illinois, so the citizenship of defendant and plaintiff is diverse. Defendant also asserts that other plaintiffs who have had their pacemakers removed typically claim more than $75,000 in lawsuits. Therefore, defendant contends that this court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332, and that the case may be removed to federal court pursuant to 28 U.S.C. § 1446.

"A federal court's jurisdiction under the removal statutes constitutes an infringement upon state sovereignty." *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). " 'Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by these provisions.' " *Fellhauer*, 673 F.Supp. at 1447 (quoting *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 445 (M.D.N.C.1982)). Therefore, the federal court should reject jurisdiction over cases removed from state court where the propriety of removal is doubtful. *Fellhauer*, 673 F.Supp. at 1447 (citing *Mason*, 543 F.Supp. at 446 n. 3; *Zack Co. v. Howard*, 658 F.Supp. 73, 76 (N.D.Ill.1987)). The party petitioning for removal bears the burden of establishing compliance with the removal statute's requirements. *Fellhauer*, 673 F.Supp. at 1447 (citing *Adams v. Aero Services Int'l, Inc.*, 657 F.Supp. 519, 521 (E.D.Va.1987)).

A notice of removal must be filed "within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which [the plaintiff's] action or proceeding is based...." 28 U.S.C. § 1446(b). The initial

pleading also must contain allegations showing that the case is removable. *See, e.g., Schild v. Tymco, Inc.*, 842 F.Supp. 225, 226 (M.D.La.1994). *See also Martin v. Harshbarger*, No. 94 C 1210, 1994 WL 86020, *2 (N.D.Ill. Mar. 14, 1994); *Fellhauer*, 673 F.Supp. at 1447 (both noting that the initial pleading must contain the removable claim).

█ In the present case, plaintiff's motion for an order of protection and disclosure does not set forth her claim. It does not explain what happened to plaintiff or her pacemaker; what her injuries were; on what legal theory her claim is based; what defendant's acts or omissions were; or what, if any, other defendants she intends to name. The motion simply seeks to prevent defendant from destroying, altering, or getting rid of the pacemaker.

In fact, the motion expressly states that plaintiff seeks the order in part to ensure that all proper defendants are named, which indicates that plaintiff may add more defendants when she finally files her lawsuit. If she does so, the additional defendants may destroy complete diversity of citizenship. Moreover, the motion contains nothing about the monetary damages plaintiff may have suffered and intends to seek, and therefore wholly fails to indicate whether the jurisdictional amount of $75,000 is satisfied. Defendant's statement that it has been defendant's "experience" that plaintiffs who have their pacemakers removed typically claim more than $75,000 is no more than conjecture and certainly insufficient on which to base removal.

In short, the motion fails to set forth the claim or claims on which plaintiff will base her cause of action, and fails to reveal whether the cause of action eventually will be removable to federal court. Therefore, the court does not consider plaintiff's motion for an order of protection and disclosure to be an initial pleading on which removal may be based.

Accordingly, defendant's attempt to remove this case to federal court is premature, and the case is remanded to the state court from which defendant removed it.