**184**

GUADALUPE–BLANCO RIVER
AUTHORITY, Etc., Plaintiff,

v.

CITY OF LYTLE, Et Al., Defendants.

UNITED STATES DEPARTMENTS OF
the ARMY AND AIR FORCE,
Defendants–Appellants,

and

The San Antonio Parties,
Intervenor–Appellant,

v.

GUADALUPE–BLANCO RIVER
AUTHORITY, Etc.,
Plaintiff–Appellee,

and

City of San Marcos; City of New Braunfels and New Braunfels Utilities; Danny McFadin, Et Al.; Texas Parks & Wildlife Department and Texas Water Commission; City of Converse, Texas and the City of Kirby, Texas; Lafarge Corporation; Bulverde Utility Co., Etc., Et Al.; Green Valley Water Supply Corp., Et Al.; St. Mary's University of San Antonio, Et Al.; and Lackland City Water Company, Defendants–Appellees.

No. 90–8064.

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1991.

Dick D. Snel (argued), Robert L. Klarquist, Attys., Appellate Section, Environmental and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

Elbert Hooper, Hooper & Haag, Austin, Tex., for City of New Braunfels, et al.

P.M. Schenkkan (argued), Roger P. Nevola, Ms. Kim Brightwell, Richard Milvenan, Mr. Thomas Pelto, Mr. Donald Neal, Vinson & Elkins, Austin, Tex., Harry M. Reasoner, Charles L. Berry, Vinson & Elkins, Houston, Tex., for Guadalupe–Blanco.

Edmund McCarthy, Austin, Tex., for City of San Marcos.

Sydney W. Falk, Jr. (argued), Douglas G. Caroom, Bickerstaff, Heath & Smiley, Austin, Tex., for McFadin, et al. and amicus-Texas Farm Bureau.

Ken Cross, Asst. Atty. Gen., State of Tex., Austin, Tex., for Texas Water Com'n & Texas Park.

Fred Shannon, Cynthia F. Malone, Shannon & Weidenbach, Inc., San Antonio, Tex., for Lackland City Water Co.

Phil Steven Kosub, Saulen & Wallace, San Antonio, Tex., for City of Converse & City of Kirby.

James E. Cousar, Thompson & Knight, Austin, Tex., for Lafarge Corp.

Mark H. Zeppa, Austin, Tex., for Bulverde Utility, et al.

Louis T. Rosenberg, San Antonio, Tex., for Green Valley Water Supply.

Kevin M. Beiter, Terry S. Bickerton, Cox & Smith, Inc., San Antonio, Tex., for St. Mary's Univ., et al.

Jim Mathews (argued), Lloyd, Gosselink, Fowler, Blevins & Mathews, Austin, Tex., for intervenors San Antonio Parties.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Guadalupe–Blanco River Authority ("GBRA")[1] brought this suit in Texas state court for an adjudication of the water rights to the Edwards Aquifer.[2] GBRA's case is based entirely on Texas law. Named as defendants are over 200 current users of the Edwards Aquifer's waters, including the United States Departments of Army and Air Force ("the government"), both of which pump water from Edwards Aquifer for military bases in San Antonio.

The government removed the case to federal district court pursuant to 28 U.S.C. § 1442(a)(1) and moved to dismiss the case against it on the ground of sovereign immunity. The district court held that removal was proper and that the government had waived its sovereign immunity in the McCarran Amendment, 43 U.S.C. § 666. To avoid needless conflict with a state's administration of its own affairs, the court then remanded the case to state court in an exercise of *Burford* abstention. *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The government appeals the district court's refusal to dismiss it as a party under the doctrine of sovereign immunity.

The appellees argue that the district court should have remanded this case pursuant to 28 U.S.C. § 1447(c) because the case was improperly removed. Specifically, the appellees contend that removal was improper because the federal courts lack subject matter jurisdiction over this case. We agree. Federal courts are courts of limited jurisdiction. We therefore have a constitutional obligation to satisfy ourselves that we have been given the authority to consider the subject matter before us—in other words, whether we have subject matter jurisdiction. The government removed this case under 28 U.S.C. § 1442(a)(1), federal officer removal. This provision "is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California*, 489 U.S. 121, 136, 109 S.Ct. 959, 968, 103 L.Ed.2d 99 (1989). In the past, this Circuit has permitted agencies to remove under § 1442(a)(1). *See, e.g., IMFC Professional Servs. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 160 (5th Cir. Unit B 1982).

The Supreme Court recently held, however, that federal agencies are not entitled to assert federal officer removal; only a federal officer is. *International Primate Protection League v. Administrators of the Tulane Educ. Fund*, —— U.S. ——, ——, 111 S.Ct. 1700, 1703, 114 L.Ed.2d 134 (1991). Therefore, the United States Departments of the Army and Air Force, agencies of the United States, are not entitled to rely on § 1442(a)(1) as a basis for jurisdiction. Section 1442(a)(1) is the only possible basis for federal subject matter jurisdiction in this case. The parties are not diverse, nor is this a case involving federal question jurisdiction. We must conclude therefore that the federal court is without subject matter jurisdiction. "If at any time before final judgment it appears

---

1. GBRA is a conservation and reclamation district, organized under Tex. Const. Art. 16, § 59. It is empowered to acquire surface-water rights, construct dams and reservoirs, and sell water.

2. According to GBRA, "[t]he Edwards [Aquifer] is an underground conduit ... [which] captures and diverts the flows of major surface streams in the ... Nueces and San Antonio River Basins ... [and] conveys those waters underground and discharges them into the Guadalupe River Basin at the conduit's surface outlets, the two largest springs in Texas: the Comal Springs at New Braunfels, and the San Marcos Springs at San Marcos."

that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also International Primate,* —— U.S. at ——, 111 S.Ct. at 1709.

We vacate the district court's judgment, including the ruling finding a waiver of sovereign immunity, and order the case remanded to the state court under 28 U.S.C. § 1447(c). Because we lack subject matter jurisdiction, we do not decide the merits of the government's appeal.

VACATED WITH INSTRUCTIONS.