**Renata FREEMAN, for herself and on behalf of all other persons similarly situated, Plaintiff,**

v.

**Louis BECHTEL, in his official capacity as Director of the Guilford County Department of Social Services, Doyle Earle, in his official capacity as Chairman of the Board of the Department of Social Services of Guilford County, a corporation, North Carolina Department of Human Resources, and Dan Glickman, in his official capacity as Secretary, United States Department of Agriculture, Defendants.**

No. 2:95CV00698.

United States District Court,
M.D. North Carolina,
Greensboro Division.

May 23, 1996.

argument in this manner and, of course, expresses no opinion as to whether such an argument would be correct.

Stanley B. Sprague, Richard W. Wells, Central Carolina Legal Services, Inc. Greensboro, NC, for Renata Freeman.

James Edwin Pons, Lynne G. Schiftan, Office of Guilford County Attorney, Greensboro, NC, for Louis Bechtel, Doyle Early.

Elizabeth Oxley, N.C. Department of Justice, Raleigh, NC, for North Carolina Dept. of Human Resources.

Carol A. Evans, Department of Justice— Civil Division, Federal Programs Branch, Washington, DC, for Dan Glickman.

## MEMORANDUM OPINION

OSTEEN, District Judge.

This matter comes before the court on Plaintiff's Motion to Remand.

For the reasons stated herein, the motion will be denied.

## I. FACTS

Plaintiff Renata Freeman filed a class action Complaint in Guilford County Superior Court on May 18, 1995. Plaintiff named as defendants: (1) Louis Bechtel ("Bechtel"), director of the Guilford County Department of Social Services ("DSS"); (2) Doyle Early ("Early"), chairman of the Board of the Guilford County DSS; and (3) the North Carolina Department of Human Resources ("NCDHR").

Plaintiff alleges that she submitted an application for food stamps at the Guilford County DSS office. State agencies typically are required to process food stamp applications within thirty days. In certain situations, however, applicants are entitled to ex-

pedited processing in which the agency must process the food stamp application within five days. 7 U.S.C. § 2020(e)(9).

Plaintiff claims that she was eligible for expedited processing because she was a "homeless individual" as defined by federal food stamp regulations. 7 C.F.R. § 271.2. Plaintiff was told that she was ineligible for expedited processing; however, she was not informed in writing.

Federal regulations provide for agency conferences within two working days for households that wish to contest the denial of expedited processing.[1] 7 C.F.R. § 273.15(d). Plaintiff alleges that she was not notified (orally or in writing) of her right to appeal the denial of expedited processing.

Plaintiff alleges that Defendants' implementation of federal food stamp law violates: (1) the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution; (2) 42 U.S.C. § 1983; and (3) the Law of the Land Clause of Article I, Section 19 of the North Carolina Constitution.

Defendants moved to dismiss for failure to join the United States Department of Agriculture ("USDA") as a necessary party. Alternatively, Defendants moved to require that the USDA be joined as a defendant. On September 6, 1995, the Guilford County Superior Court held that the USDA was a necessary party and ordered Plaintiff to join the USDA. On September 12, 1995, Plaintiff filed an Amended Complaint naming Dan Glickman, the Secretary of the USDA ("Secretary") as a defendant. On September 29, 1995, Defendant Secretary removed the case to this court based on: (1) federal question jurisdiction, 28 U.S.C. § 1441(b); and (2) 28 U.S.C. § 1442(a)(1). On October 26, 1995, Defendants Bechtel, Early, and NCDHR filed notices of consent to Defendant Secretary's removal petition.

## II. DISCUSSION

### A. The Food Stamp Act

In order to "safeguard the health and well-being of the Nation's population," 7 U.S.C.

---

1. "The agency conferences may be attended by the eligibility worker responsible for the agency action, and shall be attended by an eligibility supervisor and/or the agency director, and by the household and/or its representative." 7 C.F.R. § 273.15(d).

§ 2011, Congress enacted the Food Stamp Act ("the Act"), *id.* §§ 2011–2032. The Act established a federally-funded state-administered program to supplement the nutritional needs of low income households. *Id.* § 2011. Eligible households receive coupons which may be used to purchase food from approved retail stores. *Id.* § 2013(a). The program is funded entirely by the federal government through the USDA. *Id.* § 2027. State agencies, like NCDHR, administer the program, making determinations of eligibility and distributing coupons to program participants. *Id.* § 2020. However, in administering the program, the state agencies are required to adhere to uniform national standards of eligibility as established by the Secretary of Agriculture. *Id.* § 2014(b). The Act provides for injunctive relief and withholding of funds from a state that "without good cause" does not comply with the Act and regulations issued pursuant to the Act. *Id.* § 2020(g).

### B. Motion to Remand

■ Removal of civil cases to federal court is an infringement on state sovereignty. Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions. *Mason v. International Business Machines, Inc.,* 543 F.Supp. 444 (M.D.N.C.1982) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

■ When one party makes a motion to remand a case to the state court, "[t]he burden is on the party seeking to preserve the removal, not the party moving for remand, to show that the requirements for removal have been met." 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3739, at 574 (1985 & Supp.1995). Accordingly, Defendants must demonstrate that the removal requirements have been satisfied.

### C. Removal Under 28 U.S.C. § 1442(a)(1)

■ In relevant part, 28 U.S.C. § 1442(a) provides that

[a] civil action ... commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: '

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office....

Section 1442(a)(1) "is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California,* 489 U.S. 121, 136, 109 S.Ct. 959, 968, 103 L.Ed.2d 99 (1989).

In a recent decision, Chief Judge Frank W. Bullock, Jr. addressed the issue of removal under § 1442(a)(1):

Although the Secretary of Agriculture intervened in the present case in his own name, "[o]fficial-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (quoting *Monell v. Department of Social Servs.,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 [ (1978) ] ); *see also Gray v. Laws,* 51 F.3d 426, 430–31 (4th Cir.1995); *Giancola v. West Virginia Dep't of Public Safety,* 830 F.2d 547, 550 (4th Cir.1987). A suit against an officer in the officer's official capacity is, "in all respects other than name, to be treated as a suit against the entity." *Graham,* 473 U.S. at 166, 105 S.Ct. at 3105.

Section 1442(a)(1) does not permit removal by federal agencies. *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 76, 79–87, 111 S.Ct. 1700, 1703, 1705–10, 114 L.Ed.2d 134 (1991); *see also Guadalupe–Blanco River Authority v. City of Lytle,* 937 F.2d 184, 185–86 (5th Cir.1991); *American Policyholders [Ins. Co. v. Nyacol Prods.],* 989 F.2d [1256,] 1259 [ (1st Cir.1993) ]; *Western Sec. Co. v. Derwinski,* 937 F.2d 1276, 1278–79 (7th Cir.1991). Nor does § 1442(a)(1) permit removal by a federal officer nominally named as the defendant in the officer's official capacity

where the suit is treated as a suit against the officer's agency. *American Policyholders,* 989 F.2d at 1259–61; *see also Western Sec.,* 937 F.2d at 1278–79. Allowing removal under § 1442(a)(1) by a federal officer named in his official capacity where such a suit is treated as a suit against the agency while refusing to allow removal by a federal agency "would spawn a glaring interpretive inconsistency and, in the bargain, impugn the *Primate* Court's reasoning." *American Policyholders,* 989 F.2d at 1260. *Thomas v. North Carolina Dep't of Human Resources,* 898 F.Supp. 315, 318–19 (M.D.N.C.1995). Therefore, § 1442(a)(1) does not confer subject matter jurisdiction over the present case to this court.

### D. Removal Under 28 U.S.C. § 1441(b)

■ Defendant Secretary also cites 28 U.S.C. § 1441(b) as a basis for removal jurisdiction. Section 1441(b) provides, in pertinent part, that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Thus, the court must determine whether it has "original jurisdiction" over the case at bar.

[5] . The plaintiff is the master of her claims. *See generally* 14A Wright, Miller & Cooper, *supra* § 3722, at 266–68. If a plaintiff chooses not to assert a federal claim, a defendant cannot remove on the basis of a federal question even if the plaintiff could have asserted a federal claim. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987); *Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 24, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). If the plaintiff asserts a claim based on federal law, however, then the defendant can properly remove the case under section 1441(b) regardless of whether the defendant can prop-

erly remove the case pursuant to any other removal provision.

In *Thomas,* the court decided that jurisdiction under section 1441(b) was not proper because "[a]ll of Plaintiff's claims turn on questions of North Carolina state law. These questions include issues regarding collateral estoppel and its application to a state agency, nonacquiescence to a state court decision by a state agency, and other state-law issues." *Thomas,* 898 F.Supp. at 319. "Plaintiff's claims, as Plaintiff has stated them, do not require interpretation of federal law." *Id.* Thus, removal pursuant to section 1441(b) was improper despite the fact that the defendant "attempted to restate Plaintiff's claims into claims requiring interpretation of federal law." *Id.*

Plaintiff Freeman's claims, in contrast, do not turn exclusively on issues of state law. She asserts that Defendants' administration of the federal food stamp program violates federal and state law. As such, Plaintiff's claims require the court to interpret federal law. Accordingly, Defendants are entitled to remove the case to federal court pursuant to section 1441(b) provided that the proper procedure is followed.

■ Pursuant to 28 U.S.C. § 1446(b), the notice of removal of a civil action "shall be filed within thirty days after the receipt by the defendant. . . ." of the complaint. Failure to comply with these provisions generally constitutes an adequate ground for remand to state court. *Mason,* 543 F.Supp. at 445.

■ Courts have uniformly ruled that defendants must be treated collectively: section 1446(a) requires all defendants in an action who may properly join in a removal petition made under section 1441(a) or section 1441(b) to join in or consent to the petition.[2] *Gableman v. Peoria, Decatur & Evansville Ry. Co.,* 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900); *Perpetual Bldg. & Loan Ass'n v. Series Directors of Equitable*

---

**2.** The requirement that all defendants join has three exceptions. A defendant need not join if: (1) it had not been served with process at the time the removal petition was filed; (2) it is merely a nominal or formal party defendant; or (3) the removed claim is independent of one or

more nonremovable claims against the nonjoining defendants. *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 507 n. 2 (E.D.Va.1992) (citing *Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 446 n. 1 (M.D.N.C.1982)).

*Bldg. & Loan Ass'n, Series No. 52,* 217 F.2d 1 (4th Cir.1954), *cert. denied,* 349 U.S. 911, 75 S.Ct. 599, 99 L.Ed. 1246 (1955); *Folts v. City of Richmond,* 480 F.Supp. 621, 624–25 (E.D.Va.1979); *Adams v. Aero Servs. Int'l, Inc.,* 657 F.Supp. 519, 521 (E.D.Va.1987).

■ The Complaint naming Defendants Bechtel, Early, and NCDHR was filed on May 18, 1995. None of the original defendants, however, filed a petition for removal of the case within the thirty-day period authorized by section 1446(b). After the Guilford County Superior Court determined that Defendant Secretary was a necessary party, Plaintiff added Defendant Secretary in an Amended Complaint filed on September 12, 1995. On September 29, 1995, Defendant Secretary removed the case to this court. The original defendants filed notices consenting to Defendant Secretary's removal petition on October 26, 1995.

■ Plaintiff argues that Defendant Secretary is not entitled to remove the case because the original defendants did not join in the removal petition. Although all defendants must join in the removal under present law, the rule of unanimity does not require that all defendants sign the same notice of removal. Rather, section 1446 requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process. *E.g., Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va.1992); *Mason,* 543 F.Supp. at 446.

■ Plaintiff also contends that the original defendants did not give timely written notice to the court consenting to the removal of the case. All defendants who join in or consent to a removal petition must do so within thirty days of service of process. *Mason,* 543 F.Supp. at 445–46; *Albonetti v. GAF Corp.—Chem. Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981); *see, e.g., Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325 (5th Cir.1970).

None of the original defendants petitioned for removal. If a petition for removal had been filed during the thirty-day period after service of process, then the remaining defendants would have been required to join in or consent to the petition within thirty days of service of process upon them. Failure by any of the original defendants to join the removal petition would have required the case to remain in state court. In the present case, however, the petition for removal was not filed until after the thirty-day period for removal had expired for the original defendants.

The Fourth Circuit has never addressed the issue of removal initiated by a later-served defendant. However, the court's reasoning in *McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924 (4th Cir.1992), supports Defendant Secretary's right to remove the case. In *McKinney,* the court was faced with the issue of when the removal period begins to run in a multi-defendant case. The first-served defendants filed a removal petition, and the court had to decide whether the later-served defendants were required to join in the removal petition within the thirty-day period after service on the first-served defendants. Reasoning that "the removal procedure is intended to be fair to both plaintiffs and defendants alike," the court held that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal procedure." *Id.* at 927–28.

The court expressly rejected the reasoning of the Fifth Circuit in *Getty Oil Corp. v. Insurance Co. of N. America,* 841 F.2d 1254 (5th Cir.1988). The Fifth Circuit held that the thirty-day period begins to run for all defendants from the time the first defendant is served. The *McKinney* court commented on the reasoning of the *Getty Oil* decision:

> We do not find the *Getty Oil* conclusion to be logical. While the first served defendant clearly must petition for removal within thirty days, section 1446(b) does not imply in any way that later served defendants have less than thirty days in which to act. Although the *Getty Oil* court stated that its rule "promotes unanimity among the defendants," *id.,* "unanimity" appears to be an inappropriate word

choice. Rather, in establishing one fixed deadline for defendants served as much as thirty days apart, a better term for what the *Getty Oil* rule could lead to is "inequity." We do not think that Congress, in providing for removal to federal court, intended to allow inequitable results.

*McKinney*, 955 F.2d at 926–27. The Fourth Circuit also rejected the argument that the plaintiff was entitled to know within a prescribed period of time whether the case will proceed in state or federal court. "[I]f plaintiffs want to know which court they will be in 'at the earliest possible date,' they need only to make sure that all defendants are served at about the same time." *Id.* at 927.

In *McKinney*, the petition for removal was filed by the first-served defendant. In the present case, however, the later-served Defendant Secretary was the only party seeking to remove the case. At the time when Defendant Secretary was served, the thirty-day period for removal by the original defendants had expired, and those defendants had waived their right to initiate removal. By its express terms, section 1446(b) does not address the time period for removal in actions involving staggered service of multiple defendants. "[T]here is nothing in the language or legislative history of section 1446(b) which supports the notion that the decision to remove rests exclusively with the first-served defendant." *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 709 (N.D.Cal. 1994) (citing *McKinney*, 955 F.2d at 926). The *Ford* court continued:

> Section 1446(b) refers to removal by "the defendant," not "the first-served defendant." Indeed, the first paragraph of section 1446 speaks of removal by "[a] defendant *or* defendants." *See* 28 U.S.C. § 1446(a) (1994) (emphasis added). If Congress had intended the thirty-day removal period to commence in all cases upon service of the first defendant, it could have easily stated as such.

*Id.* A rule which bars a first-served defendant which has waived its right to initiate the removal from later consenting to a removal petition filed by another defendant does not, in any way, detract from the purpose of the unanimity requirement.

Permitting a later-served defendant to remove a case when the first-served defendants do not initiate the removal recognizes the dynamic interplay between codefendants. "In practice, removal is often as much a matter of trial strategy as it is one of forum selection." *Garside by Garside v. Osco Drug, Inc.*, 702 F.Supp. 19, 21–22 (D.Mass. 1988). In *Garside*, the court held that "a subsequently served defendant has thirty days to seek removal, even though its co-defendants may be time-barred from doing so." *Id.* at 22. In *Ford*, the court acknowledged the danger inherent in not granting each defendant thirty days to remove. The court recognized the potential for plaintiffs to manipulate the timing of service on defendants in an effort to secure a state forum. For example, a plaintiff could choose to initiate service on the defendant least likely to remove an action.

Section 1446(b) provides each defendant in a multi-defendant case with thirty days to file a notice of removal. While a first-served defendant having failed to initiate a removal within thirty days of service may have waived the right to do so, there is no compelling reason for precluding a first-served defendant from joining in or consenting to a later-served defendant's removal.

## III. CONCLUSION

For the reasons herein stated, Plaintiff's Motion to Remand will be denied.

The court recognizes that several motions were pending in the state court proceeding at the time Defendant Secretary removed this case. If the parties desire to pursue the motions, the parties should file the motions with this court in accordance with the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina.

An order in accordance with this memorandum opinion shall be filed contemporaneously herewith.

## ORDER

For the reasons set forth in the memorandum opinion entered contemporaneously herewith,

IT IS ORDERED AND ADJUDGED that Plaintiff's Motion to Remand is denied.

If the parties desire to pursue those motions that were pending in the state court proceeding, the parties should file the motions with this court in accordance with the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina.