**Roosevelt M. GEE, et al.,**

v.

**LUCKY REALTY HOMES, INC., et al.**

**No. CIV. JFM–02–CV–1136.**

United States District Court,
D. Maryland.

July 9, 2002.

Kathleen S. Skullney, St. Ambrose Legal Services, Baltimore, MD, Thomas J. Minton, Jiranek, Goldman & Minton, Baltimore, MD, for plaintiff.

Alfred L. Scanlan, Jr., Eccleston & Wolf, Baltimore, MD, for defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiffs, Roosevelt and Florence Gee, Lillian Rawlings, Dianne L. Mack, and Mary L. Street, have filed a motion to remand[1] this class-action lawsuit to the Circuit Court for Baltimore City. For the reasons set forth below, the motion will be granted.

### I.

Plaintiffs allege that defendants engaged in a scheme of "reverse redlining" directed toward African–American home buyers in Baltimore City and the surrounding area. (Compl.¶ 1.) According to plaintiffs, the defendants would "target and defraud the African–American plaintiff buyers by selling homes as completely renovated when only minor cosmetic repairs had been performed, by concealing the true condition and value of the properties, by falsely inflating the entire cost of home purchase transactions, and then by securing loan proceeds to cover the exaggerated amounts." (*Id.* ¶ 13.) The defendants allegedly proceeded to "drain[ ] cash equaling the exaggerated value from the transaction by means of phony mortgages, delinquent taxes and myriad fees, all flowing to the same small circle of associates." (*Id.*)

Defendants in the suit include M. Arnold Politzer, a real estate broker; his wife, Sharon Politzer; and four companies owned by Mr. Politzer: Lucky Realty Homes, Inc., Torrey Pines Realty Co., Inc., LeLe Land Co., Inc., and America's Rebuilders, Inc. (*Id.* ¶¶ 20–25.) Plaintiffs also sued the law firm of Cohen, Alpert, and Forman LLC; two of the firm's members, David H. Cohen and Geoffrey L. Forman; and Perpetual Title Co., whose principal officer and resident agent was Mr. Forman. (*Id.* ¶¶ 26–29.) The final defendant named is Edwin R. Esbrandt, a one-time real estate appraiser who operated under the name Mid–Atlantic Real Property Appraisers, Inc. (*Id.* ¶ 30.)

The eleven defendants were served on five different days. The parties agree that the first defendant to be served was Esbrandt, on March 3, 2002.[2] (Pls.' Mem. at 1, Defs.' Opp'n at 1.) Defendants Cohen and Forman and their firm filed a notice of removal in this court on April 4, 2002. (Defs.' Opp'n at 1–2.) All the defendants consented through counsel to this notice of removal. (*See* First Notice of Removal ¶ 7.) The Politzers, however, reserved the right to challenge the filing of the lawsuit against them, given that they previously

---

**1.** The plaintiffs actually filed two identical motions to remand, each in response to a notice of removal filed by the defendants. While both motions relied on identical supporting memoranda, the defendants filed separate oppositions to the motions. I have considered the arguments made in both oppositions in the course of rendering this opinion. Unless otherwise indicated, the references to memoranda and oppositions in this opinion are to those filed after the first notice of removal.

**2.** Cohen, Forman, and Perpetual Title were served on March 6, 2002. (*See* Pls.' Mem. at 1, Defs.' Opp'n at 1.) Sharon Politzer was served on March 7, 2002. (*See id.*) Cohen, Alpert, and Forman was served on March 8, 2002. (*See id.*) Politzer and his four companies were served on March 21, 2002. (*See* Pls.' Mem. at 1–2, Defs.' Opp'n at 1.)

had filed for bankruptcy under Chapter 7 of the Bankruptcy Code and thus litigation against them was automatically stayed. (*Id.* Exs. E, J.) On May 8, 2002, the bankruptcy stay was lifted.[3] The Politzers then filed a second notice of removal in which all other defendants joined. (*See* Second Notice of Removal ¶ 7.) As with the first notice of removal, the Politzers' notice of removal was based upon the fact that plaintiffs' case involves claims alleging violations of federal racketeering and housing discrimination statutes, along with pendent state law claims. (*See* First Notice of Removal ¶¶ 2–5; Second Notice of Removal ¶¶ 3–6.)

## II.

Plaintiffs make two arguments in support of their motion to remand. First, they argue that this case was not removed within the time period established by the removal statute, because Esbrandt did not join in the first notice of removal until thirty-two days after he had been served.[4] The statute governing removal procedure provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not re-

quired to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Second, plaintiffs challenge the adequacy of defendants' consents to the first notice of removal.[5] Because I find plaintiffs' first argument dispositive, I will not address their second argument.

In *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924 (4th Cir. 1992), the Fourth Circuit held that pursuant to 28 U.S.C. § 1446(b), a defendant has thirty days from the date on which he is served with process or with a complaint to file or join in a valid removal petition. *Id.* at 928. When a case involves multiple defendants—dubbed A and B by the court, with A being served first—"the law is settled," the court stated, that "if A does *not* petition for removal within 30 days, the case may not be removed." *Id.* at 926 n. 3 (emphasis in original). In other words, the court reiterated, "the first served defendant clearly must petition for removal within thirty days" of being served. *Id.* at 926. Applying *McKinney* to the facts of this case leads to the conclusion that the case must be remanded because the first-served defendant, Esbrandt, failed to remove or join the other defendants' notice of removal within thirty days of service upon him.

Defendants argue that *McKinney* should not be followed here. In addition to citing cases from other circuits that have resolved the issue differently, they

---

3. A week after the stay was lifted, the bankruptcy court annulled the stay as it pertains to the plaintiffs' case against the Politzers, retroactive to February 22, 2002, the date on which plaintiffs filed their state court complaint. (*See* Pls.' Reply Ex. 1, *Gee v. Politzer (In re Politzer)*, 01–64169–SD (Bankr.D.Md. May 15, 2002).) The Politzers consented to the retroactive annulment.

4. The consents of the other defendants, if effective, were all timely.

5. The consents were apparently obtained verbally from the defendants' attorneys, and are memorialized in the first notice of removal in the form of letters by the removing defendants' attorney. (*See* First Notice of Removal Exs. A–D.) Esbrandt later filed a second, more formal consent to removal on April 26, 2002. Additionally, all defendants formally joined the second notice of removal filed on May 15, 2002. (*See* Second Notice of Removal Exs. A–E.)

categorize the statements cited above from *McKinney* as being dicta. (*See* Politzers' Opp'n at 4.) Although the statements are technically dicta, *see Dansberger v. Harford County Educ. Ass'n, Inc.*, 2000 WL 1593486, at *2–*3 (D.Md.2000), another district court within this circuit explained in applying *McKinney* that "dictum from the court of appeals should be considered presumptively correct by the district courts within that circuit." [6] *Branch v. Coca–Cola Bottling Co. Consol.*, 83 F.Supp.2d 631, 635 (D.S.C.2000); *see also Superior Painting & Contracting Co., Inc. v. Walton Tech., Inc.*, 207 F.Supp.2d 391 (D.Md.2002) (applying *McKinney* dicta in case in which first-served defendant failed to timely remove).

Defendants' broader argument, however, revolves around the impact that defendants believe the Politzers' bankruptcy should have on the removal issues in this case. Defendants note that bankrupt defendants are protected from litigation by the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362(a)(1). This provision states that a bankruptcy petition "operates as a stay, applicable to all entities, of ... the commencement or continuation, including the issuance or employment of process, of a judicial ... action or proceeding against the debtor...." U.S.C. § 362(a)(1). Defendants Forman, Cohen, and the firm of Cohen, Alpert, and Forman argue that because of the automatic

stay, any actions that the plaintiffs took prior to the May 8 lifting of the stay, including service of process on all defendants, either "amounted to a nullity" or were effective only as of May 8. (Defs.' Opp'n at 3.) The Politzers' slightly different argument is that plaintiffs' suit was void and incapable of being removed. (Politzers' Opp'n at 2.)

Because the automatic stay extends to "the issuance or employment of process of a judicial ... action," 11 U.S.C. § 362(a)(1), I agree that it precluded the Politzers from being validly served during the period in which the stay was in effect. I also agree with the Politzers that they were not obligated to petition for removal of the state action until the stay was lifted. (*See* Politzers' Opp'n at 2.) However, neither the bankruptcy statute nor the case law of this circuit support the defendants' assertions that the stay nullified the suit altogether or nullified service upon the Politzers' co-defendants. In fact, the stay that protects a debtor in bankruptcy does not generally extend to a debtor's co-defendants.[7] *See, e.g.,* 11 U.S.C. § 362(a)(1) (staying judicial actions or proceedings "against the debtor"); *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 126 (4th Cir.1983) (explaining that "co-defendants cannot avail themselves of the automatic stay provisions" because the "plain wording of the statute" provides "insulation ... exclusively to the 'debtor'

---

**6.** Defendants contend that "[a] recent decision from a district court in the Fourth Circuit has questioned the wisdom of the *McKinney dicta.*" (Politzers' Opp'n at 4.) I decline to follow that case, *Freeman v. Bechtel*, 936 F.Supp. 320 (M.D.N.C.1996), for the same reasons set forth by Judge Nickerson in *Dansberger. See* 2000 WL 1593486, at *3 n. 2. Additionally, I note that *Freeman* involved an important fact not present in this case, or in *Dansberger:* the defendant who sought removal was a federal official who was served after the 30–day removal period for the original

defendants had expired. *See* 936 F.Supp. at 326.

**7.** The Fourth Circuit has recognized a "narrow exception" to this rule. *Winters v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir.1996). However, that exception arises only in the "unusual situation" in which the debtor's identity is intertwined with that of the non-debtor—such as, for example, a non-debtor entitled to absolute indemnity from the debtor. *A.H. Robins Co., Inc., v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986). Defendants do not argue that this exception applies here.

in bankruptcy"); *Climax Molybdenum Co. v. M/V Seatrain Antwerp*, 51 B.R. 192, 194–95 (D.Md.1984) (explaining that defendants may not invoke the automatic stay "merely because [their] co-defendant … has filed for bankruptcy"). Thus, the failure of one of the Politzers' non-bankrupt co-defendants, Esbrandt—to remove this case within the time limits imposed by 28 U.S.C. § 1446(b) cannot be excused by the Politzers' bankruptcy.[8]

The Politzers' attempt to cast this case as one which could not have been removed prior to the lifting of the stay in their bankruptcy case is unpersuasive. The effect of the stay, as discussed above, was to nullify service of the Politzers, essentially rendering them akin to unserved defendants in a multi-defendant case. In such cases, the rule is not that the case may not be removed until all defendants have been served. Rather, the rule is that only those defendants who have been served must file or join in a timely removal petition. See *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 n. 4 (E.D.Va.1992); *Adams v. Aero Servs. Int'l, Inc.*, 657 F.Supp. 519, 521 n. 2 (E.D.Va.1987). Defendants who have not been served or upon whom service was not perfected prior to removal may be served after the case has been removed to federal court, in accordance with the federal rules. See 28 U.S.C. § 1448. The previously unserved defen-

dants may then move to remand if they prefer a state court venue. *See id.* The Politzers' argument therefore fails. While they would have been justified in demanding that plaintiffs re-serve them after the lifting of the stay,[9] they cannot use the stay to absolve the error of their non-bankrupt co-defendant, Esbrandt. His failure to timely join a petition for removal in this case destroyed the ability of the other defendants to remove. Accordingly, the motion to remand will be granted.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 9th day of July 2002

ORDERED that

1. Plaintiffs' motions to remand are granted.

2. The motion by defendants M. Arnold and Sharon Politzer to file a surreply is denied.

3. The action plaintiffs instituted in the Circuit Court for Baltimore City is remanded to that court.

---

**8.** The Politzers cite *Arnold v. E.W. Bliss Co.*, 2001 WL 484072 (E.D.Pa.2001), in which the district court allowed two defendants who had not timely removed a state court action against them to join a petition for removal filed by their bankrupt co-defendant after the automatic stay had been modified and more than 30 days after the non-bankrupt defendants had been served. *Id.* at *1–*2. Because *Arnold* relies upon cases that are contrary to *McKinney*, it simply does not reflect the law of the Fourth Circuit.

**9.** In fact, the Politzers explain that they agreed to the retroactive annulment of the

stay as a courtesy to the plaintiffs, so the plaintiffs would not have to re-serve them or re-file their lawsuit. (*See* Politzers' Opp'n at 3 n. 1.) The plaintiffs argue that the annulment had a much greater effect, rendering the automatic stay—and therefore all of the defendants' arguments, which hinge upon it—irrelevant. I do not address this argument, for I find that even without annulment, the result in this case would be the same. Additionally, because I have not based this decision on the annulment, I will deny the Politzers' Motion to File a Surreply in order to address points regarding the annulment.