Christy **JONES** and Shawn **Porter, Plaintiff,**

v.

Allen **KREMER** and Peter St. **Germaine, Defendants.**

No. Civ. 98–1932 DDA/FLN.

United States District Court, D. Minnesota.

Dec. 2, 1998.

.Briggs and Morgan, P.A. by Sally A. Scoggin, and Jason M. Hedican, Saint Paul, Minnesota and Southern Minnesota Regional Legal Services, Inc. by Laura Kay Jelinek, Saint Paul, Minnesota, appeared on behalf of plaintiffs Christy Jones and Shawn Porter.

Scholle, Beisel & Metcalf, Ltd. by Robert S. Metcalf, Minneapolis, Minnesota, appeared on behalf of defendant Allen Kremer.

## ORDER

ALSOP, Senior District Judge.

This matter is before the Court upon Plaintiffs Christy Jones' and Shawn Porter's motion to remand the case to the District Court of Ramsey County, Minnesota, and upon Defendant Allen Kremer's motion to amend his removal petition.[1] The Court will grant Plaintiffs' motion to remand and deny Kremer's motion to amend his removal petition.

## BACKGROUND

On July 22, 1998, Plaintiffs served Kremer with their complaint. Plaintiffs' complaint was filed in Ramsey County District Court. On August 10, 1998, Kremer's co-defendant, St. Germaine, was served with the Plaintiffs' complaint. St. Germaine was served at 1174 East 4th Street, Saint Paul, Minnesota where he resides as a caretaker. 1174 East 4th Street is an apartment building owned by Kremer.

On August 21, 1998, Kremer filed a petition for removal of the state court action to federal court pursuant to 28 U.S.C. § 1441 and § 1446. The petition did not include St. Germaine's consent to removal, nor did it state why consent was not obtained. The

1. Defendant Peter St. Germaine has not made an appearance in this action.

petition did state that Kremer did not know whether St. Germaine had been served with Plaintiffs' summons and complaint. Kremer concedes that at the time he filed his notice of removal he had not attempted to either determine whether St. Germaine had been served in this action or sought his consent to removal.

Because Kremer failed to obtain consent from St. Germaine for the removal of the action from state to federal court, Plaintiffs brought a motion to remand the action to state court and for attorneys' fees. In response, Kremer filed a motion to amend his removal petition to include St. Germaine's consent to the removal. St. Germaine's consent, however, was obtained after the thirty day deadline contained in 28 U.S.C. § 1446(b). Thus, the question before the Court is whether a defendant may amend his petition for removal to include a co-defendant's consent after the thirty day deadline of 28 U.S.C. § 1446(b) expires.

### DISCUSSION

 As a general rule, all defendants must join in a removal petition in order to effect removal.[2] See, e.g., Bradley v. Maryland Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967); Getty Oil Corp. v. Insurance Co. of North Am., 841 F.2d 1254, 1263 (5th Cir. 1988); Northern Illinois Gas Co. v. Airco Ind. Gases, 676 F.2d 270, 272 (7th Cir.1982); Casey's General Stores, Inc. v. Cotton Const., 1995 WL 692979, *1 (D.Minn.1995) (Mag. J. Erickson). Kremer admits that he failed to obtain St. Germaine's consent to removal at the time he filed his notice of removal. Instead, Kremer argues that Minnesota precedent allows him to amend his removal petition to include St. Germaine's consent after the thirty day deadline.

 The Eighth Circuit has not addressed the precise issue of whether a removal petition may be amended to include a co-defendant's consent to removal after the thirty day deadline of § 1446 expires. This Court has,

however, allowed removing parties to amend their removal petitions to correct "technical mistakes." In Casey's General Stores, the defendant filed a petition for removal without stating whether its co-defendant consented to removal or had been served in the proceeding. 1995 WL 692979 at *1. The plaintiff filed a motion to remand based upon this defect in the removal petition. The plaintiff admitted that the co-defendant had never been served, but argued defendant could not amend its removal petition to state this fact. Magistrate Judge Erikson held that while "removal statutes are to be strictly construed," they are not to be applied in a "hypertechnical and unrealistic manner." Id. at *3 (citations omitted). Relying upon the fact that plaintiff's knew the co-defendant had not been served at the time of removal, Magistrate Judge Erikson allowed amendment of the defendant's petition.

In so ruling, Magistrate Judge Erikson followed Judge McLaughlin's ruling in LeNeave v. North Am. Life Assur. Co., 632 F.Supp. 1453 (D.Minn.1986). In LeNeave, the removing party failed to specify its citizenship in the notice of removal. When the plaintiff moved to remand on the ground that the defendant had not shown diversity of citizenship, the defendant attempted to amend its notice of removal. The Court granted the motion—in part because the defendant's citizenship was already known to all parties.

These cases from the District of Minnesota follow the national trend of allowing amendments for "technical defects," but not for "substantial defects." See, e.g., Landman v. Borough of Bristol, 896 F.Supp. 406 (E.D.Pa. 1995); Marshall v. Skydive Am. S., 903 F.Supp. 1067 (W.D.Tex.1995); Fellhauer v. City of Geneva, 673 F.Supp. 1445 (N.D.Ill. 1987); Hardesty v. General Foods Corp., 608 F.Supp. 992 (N.D.Ill.1985); Mason v. International Bus. Machs., Inc., 543 F.Supp. 444, 445 (M.D.N.C.1982). In both Casey's General Stores and LeNeave, the removing party failed to allege in the removal petition a fact

---

**2.** This rule is subject to three well recognized exceptions: 1) when a co-defendant has not been served at the time the removal petition is filed; 2) when a co-defendant is only a "nominal" defendant; and 3) when the removed claim is separate and independent under 28 U.S.C. § 1441(c). See, e.g., Bradley, 382 F.2d at 419; Spillers v. Tillman, 959 F.Supp. 364, 368 n. 2 (S.D.Miss.1997). Kremer does not argue that any of these exceptions apply in this case.

that already existed and that was known to all parties. Such defects are treated as "technical." Substantial defects, on the other hand, may be cured only by alleging entirely new facts in the notice of removal. Courts addressing this issue have determined that "amendments ... are not proper to allege entirely new facts of substance." *See, e.g., Mason,* 543 F.Supp. at 446 (citations omitted).

Based upon this distinction, Kremer's failure to obtain St. Germaine's consent to removal within the thirty day period established in § 1446 constitutes a substantial defect. Kremer seeks to amend his notice of removal to state a fact—St. Germaine's consent—that did not exist at the time he filed his initial notice. Courts in other jurisdictions have also concluded that a removing party's failure to obtain consent within the time constraints of § 1446 is a substantial defect that may not be cured by amendment. *See, e.g., Marshall,* 903 F.Supp. at 1070–71 (rejecting removing parties attempt to cure a "substantial defect" using 28 U.S.C. § 1653); *Moody v. Commercial Ins. Co.,* 753 F.Supp. 198, 201 (N.D.Tex.1990) (substantial defect cannot be cured by amendment); *Fellhauer,* 673 F.Supp. at 1448 ("failure to join or gain consent of all defendants in a timely fashion is a substantive defect"); *Mason,* 543 F.Supp. at 445 ("failure to join in or consent to removal in a timely fashion is a substantial defect in the removal proceedings").

Finally, the Court notes that if it were to allow Kremer to amend his notice of removal to now allege St. Germaine's consent, it would make a nullity of the thirty day period of § 1446. Allowing amendments in such circumstances would allow a removing party to disregard the procedures established by § 1446 until forced into compliance by a motion to remand. Such a result is inequitable and fails to promote the efficient administration of justice. Accordingly, the Court finds that Kremer's failure to obtain the consent of his co-defendant within the thirty day period provided by § 1446 is a substantial defect that may not be cured by filing an amended notice of removal.

Upon review of the files, motions, and proceedings herein,

**IT IS HEREBY ORDERED** That:

1. Plaintiffs' motion to remand is GRANTED;

2. Ten (10) days following the date of this Order the action shall be REMANDED to the District Court of Ramsey County, Minnesota;

3. Plaintiffs' motion for attorneys' fees and costs is DENIED; and

4. Defendant Kremer's motion to amend his removal petition is DENIED.