**Dennis WILLIAMS and, Judy Williams, Plaintiffs,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Defendant.**

**No. Civ.A. 99–0803–CV–W–BC–ECF.**

United States District Court,
W.D. Missouri,
Western Division.

Oct. 29, 1999.

Andrew McCue, Campbell, Holt & McCue, Kansas City, MO, for plaintiff.

Paul Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Kansas City, MO, for defendant.

## ORDER

LARSEN, United States Magistrate Judge.

Before the court is plaintiffs' motion to remand this case to state court pursuant to 28 U.S.C. § 1447(c). I find that the thirty-day time limit for filing a notice of removal began to run on the day the petition was filed because defendant had actual notice of the amount in controversy through the demand letters sent before the action was commenced. Because the notice of removal was not filed until nearly four months after the petition was filed, the notice of removal was untimely and plaintiffs' motion for remand will be granted.

## I. BACKGROUND

Plaintiffs, residents of Jackson County, Missouri, were insured by defendant, a foreign corporation. (Pl. Pet. ¶ ¶ 1, 2 and 4).

On June 30, 1994, plaintiff Judy Williams was injured in a car accident. Plaintiffs' uninsured/underinsured motorist coverage was $100,000. (Pl.Pet.¶ 10).

Plaintiffs settled their claims against the other driver (Scott S. Hunter) by accepting a $25,000 payment from his liability insurance carrier. (Pl.Pet.¶ 17).

Before filing this lawsuit, plaintiffs made four settlement demands on defendant. Plaintiffs' former attorney, Randall W. Cain, sent the first demand letter on September 11, 1996. This letter demanded settlement "in the amount of the policy limits." (Pl.Exh.B). The second, third, and fourth demand letters were sent by current counsel, Andrew H. McCue. The second letter was sent on October 23, 1997, and demanded "payment of Safeco's policy limits of $75,000 to settle the [plaintiffs']

claims." (Pl.Exh. C). The third letter was sent on December 21, 1998, and demanded "$75,000 despite ... [defendant's] liability for its vexatious refusal to resolve the [plaintiffs'] claims." (Pl.Exh.E). The fourth letter was sent on December 31, 1998, and stated that the information and documentation provided to defendant in "September of 1996, and again on December 1, 1997, was sufficient to demonstrate that the [plaintiffs'] claims collectively exceeded $100,000." (Pl.Exh.G).

On April 27, 1999, plaintiffs filed a two-count petition against defendant in the Circuit Court of Jackson County, Missouri, Division 16, alleging breach of contract (count one) and vexatious refusal to pay (count two). Plaintiffs' petition did not request a specific dollar amount in damages. However, in the section identified as common to all counts, plaintiffs noted that the liability limit under the uninsured motorist coverage was $100,000 for each person; that medical expenses for Mrs. Williams were in excess of $24,000; that additional medical expenses for Mrs. Williams were expected; that Mr. Williams was injured as a result of the loss of his wife's services; that the negligence of the other driver (Hunter) caused damages exceeding $25,000; that plaintiffs had settled their claims against the other driver for $25,000, the limits of his liability insurance coverage; and that plaintiffs had made written demands on defendant to pay the balance of their claims pursuant to the underinsured motorist coverage and defendant had not responded. Plaintiffs also attached to their petition a copy of their insurance policy. In count one, plaintiffs asked for "fair and reasonable damages, for prejudgment interest, for ... costs herein incurred and expended, and for such other and further relief as the Court deems just and proper under the circumstances." In count two, plaintiffs asked for "fair and reasonable damages, for statutory penalties, for interest, for their reasonable attorney's fees, for their costs herein incurred and expended, and for such other and further relief as the Court

deems just and proper under the circumstances."

On May 19, 1999, defendant was served with plaintiffs' complaint.

On August 10, 1999, defendant received plaintiffs' answers to interrogatories, in which plaintiffs claimed damages in excess of $75,000.

On August 17, 1999, defendant filed a notice of removal to federal court pursuant to 28 U.S.C. § 1332.

On August 30, 1999, plaintiffs filed a motion to remand this case to state court.

## II. REMAND

Plaintiffs allege that defendant failed to file the removal notice within thirty days of receiving plaintiffs' petition as required by 28 U.S.C. § 1446(b), and therefore removal was improper and the case should be remanded to state court. Defendant argues that the thirty-day limit proscribed by § 1446(b) was not triggered when defendant received plaintiffs' petition because the petition on its face did not allege damages in excess of $75,000. Defendant argues that the case became removable when the amount in controversy became apparent from plaintiffs' answers to interrogatories which were received by defendant on August 10, 1999. Defendant's removal notice was filed seven days later; and therefore, defendant argues, removal was timely.

In this case, the parties agree that complete diversity of citizenship exists and that the amount of damages at issue exceeds $75,000. The sole issue is whether the notice of removal was timely.

Title 28, United States Code, Section 1446(b) states in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

■■■ The § 1446(b) time limit is procedural rather than jurisdictional. *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.,* 953 F.Supp. 296, 299 (E.D.Mo. 1997). A defendant who fails to remove within the thirty-day period waives the right to remove at a later time, even based on subsequent events. *Id.*

■■■ It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. *See generally Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir.1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. *In re Amoco Petroleum Additives, Co.,* 964 F.2d 706, 708 (7th Cir.1992); *Carroll v. Gold Medal of Tennessee, Inc.,* 869 F.Supp. 745, 746 (E.D.Mo.1994).

In *Mielke v. Allstate Insurance Company,* 472 F.Supp. 851 (E.D.Mich.1979), the plaintiff sued his insurance company under a no-fault policy when the company failed to pay the amount due under the policy. In the original complaint, the plaintiff did not include a dollar amount. In an amended complaint filed later, the plaintiff included a claim for punitive damages and stated a prayer which exceeded the statutory amount in controversy which, at that time, was "in excess of $10,000." The defendant's notice of removal was filed 30 days after the amended complaint was filed. In finding that the notice of removal was not timely, the district court stated as follows:

> Allstate could certainly have removed the case based on the initial complaint. The defendant's counsel admitted in court that it had known since before the filing of the suit that the claims under that insurance policy alone were well in excess of $10,000. The plaintiff had presented the defendant company medical bills and expenses of over $10,000.

*Mielke v. Allstate Insurance Company,* 472 F.Supp. at 853.

In discussing various courts' differing views on whether to consider only the documents listed in the statute versus the actual knowledge of the defendant, the *Mielke* court reasoned:

> Some courts construe this to mean that the elements of removability must be specifically indicated in official papers before the statutory period begins to run. These cases suggest a policy that does not require a defendant to speculate about jurisdictional elements on pain of losing his right to remove. However, in diversity cases that can best be handled in state court, there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the complaint. To permit removal in this case would circumvent the purpose of § 1446(b) which is to limit the time for removal except where the defendant cannot be sure that the case is removable.

*Id.*

In an unpublished opinion, a court in this district previously held that the defendant's actual knowledge will trigger the commencement of the thirty-day time limit. In *Petersen v. Cates Sheet Metal Industries, Inc.,* 1996 WL 40999 (W.D.Mo.

January 30, 1996), Judge Howard Sachs held that a demand letter sent by certified mail to defense counsel constituted "other paper"[1] within the meaning of § 1446(b) and was sufficient to trigger the thirty-day time limit. Judge Sachs rejected the analysis of other courts holding that a defendant has a duty to investigate:

> Requiring a defendant to accurately guess the amount in controversy after reviewing the allegations in a state-court petition would have the practical effect of causing defendants to remove all potentially eligible state-court cases within thirty days of filing. Plaintiffs have not pointed to any advantage of this approach, and it seems more efficient to allow defendants to retain the right to remove until receiving actual notice of the value of the claim.

*See also Rahwar v. Nootz,* 863 F.Supp. 191 (D.N.J.1994) (correspondence between counsel qualifies as "other paper"); *Lozano v. GPE Controls,* 859 F.Supp. 1036 (S.D.Tex.1994) ("other paper" refers to documents generated in the state proceedings); *Central Iowa Agri–Systems v. Old Heritage Advertising and Publishers, Inc.,* 727 F.Supp. 1304, 1305 (S.D.Iowa 1989) (a demand letter qualifies as "other paper").

██ I find the reasoning of *Petersen* persuasive and hold that the thirty-day time limit for filing a notice of removal begins to run when the defendant has actual notice of the amount in controversy. In this case, the defendant had actual knowledge that the amount in controversy exceeded $75,000 when the demand letters were made, which was before the filing of the petition. On September 11, 1996, the plaintiffs demanded settlement in the amount of the policy limits, which was $100,000. On October 23, 1997, plaintiffs sent a letter demanding settlement of $75,-000. On December 21, 1998, another letter was sent demanding $75,000 "despite [defendant's] liability for its vexatious refusal to resolve the [plaintiffs'] claims."

This letter indicated that more than $75,-000 may be at stake should a court action commence. Finally, on December 31, 1998, a fourth letter was sent stating that the documents provided earlier clearly established that plaintiffs' claims exceeded $100,000. Therefore, at the time the complaint was filed (on April 27, 1999), defendant had actual notice that the amount in controversy exceeded $75,000.

I find that the thirty-day time limit for filing a notice of removal commenced on April 27, 1999, since defendant had actual notice at that time that the amount in controversy exceeded $75,000, and therefore defendant's notice of removal was required to be filed by May 27, 1999. Because the notice of removal was not filed until August 17, 1999, that notice was not timely.

### III. CONCLUSION

Because defendant did not file its notice of removal within thirty days after receiving the petition and actual knowledge regarding the amount in controversy, removal was improper. Therefore, it is

ORDERED that plaintiffs' motion to remand this case to state court is granted. This case is remanded to the Circuit Court of Jackson County, Missouri, Division 16, for all further proceedings.

---

**1.** Section 1446 states that a notice of removal may be filed within thirty days after receipt by the defendant of "a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable" (emphasis added).