Tony ROSS, Brian and Toni Hammond, George and Nadine Hess, Don and Donna Gerbeling, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

THOUSAND ADVENTURES OF IOWA, INC. and Thousand Adventures, Inc., and Heller Financial, Inc., and Allstate Financial, Inc., and Cascade Finance, and Zarr, Inc., and Consumer Loan Portfolios, Inc., and Travel America, Inc., and Western American Bank, N.A., and Liberty Bank, and Community First Bank f/k/a Carrolton Federal Bank, and Great Western Bank f/k/a Douglas County Bank, and 900 Capital, and Travelers Acceptance Corp., and Geico Financial Services, Inc., and Farmers & Merchants Bank f/k/a Nebraska State Bank, and Washington County Bank, and Wheeler Investment Group, and First Savings Bank of Arlington, and Receivable Financing Corp., Defendants.

Civil No. 3–00–CV–10236.

United States District Court,
S.D. Iowa,
Davenport Division.

May 1, 2001.

Douglas H. Napier, Napier Wolf & Napier, Fort Madison, IA, for Tony Ross, Brian Hammond, Toni Hammond, George Hess, Nadine Hess, Don Gerbeling, Donna Gerbeling.

James R. Adams, Douglas R. Dennis, Frost Brown Todd LLC, Cincinnati, OH, for Thousand Adventures of Iowa.

Thomas M. Cunningham, Pingel & Templer PC, West Des Moines, IA, for Heller Financial Inc.

Mark L. Zaiger, Shuttleworth & Ingersollall, Cedar Rapids, IA, Jeffrey E. Altshul, Hopkins & Sutter, Chicago, Il, Antony S. Burt Michael P Mullins, Schiff Hardin & Waite, Chicago, IL, for State Financial Inc.

Michael P. Mallaney, Smith Schneider Stiles Hudson Serangeli Mallaney & Shindler PC, Des Moines, IA, for Travel America Inc.

G. Mark Rice, Adams & Rice, Des Moines, IA, Mark C. Enoch, Lawrence Fischmann, Glast Phillips & Murray PC, Dallas, Tx, for Western American Bank NA.

Nick Critelli, Critelli & Associates, Des Moines, IA, Elizabeth A. Fitzsimmons, Sabia & Hartley, Hartford, Ct, for Liberty Bank.

Robert S. Hatala, James L. Sines, Crawford Sullivan Read Roemerman & Brady PC, Cedar Rapids, IA, for Community First Bank.

William G. Dittrick, Heidi A. Guttau-Fox, Thomas O. Ashby, Baird Holm Mceachen Pedersen Hamann & Strasheim, Omaha, NE, for Great Western Bank.

Brent Ruther, Aspelmeier Fisch Power Warner & Engberg, Burlington, IA, for Geico Financial Services Inc.

Scott J. Coziahr, Ronald L. Eggers, Gross & Welch PC, Omaha, NE, for Washington County Bank.

Robert V.P. Waterman, Jr., Lane & Waterman, Davenport, IA, John F. Pollick, John M. Rogers, Hill Gilstrap & Balson, Chicago, IL, for Bank of First Savings.

## ORDER

LONGSTAFF, district Judge.

Before the Court is a motion that was filed on January 31, 2001 by defendant, Great Western Bank, for leave to file an amended notice of removal. While oral argument has been requested on this motion, it is found unnecessary in light of the filings provided by the parties.

On February 5, 2001, Chief Magistrate Judge Walters entered an order establish-

ing that Great Western's motion to amend its notice of removal was a "threshold" motion in this case, along with "certain bankruptcy issues which ought to be resolved from the beginning so that the procedural context and proper forum are clear." This Court has scheduled a hearing by telephone in this case for May 9, 2001 at 9 a.m.. At that time, plaintiff's motion to remand will be addressed, as will defendants' motion for enforcement of the automatic stay. The Court recognizes that also pending are motions by defendants addressing personal jurisdiction and to vacate a state court order.[1] However, these are not fully submitted and will not be addressed, if at all by this Court, until the remand and bankruptcy motions are resolved.

## I. FACTUAL BACKGROUND

The following facts are based on the information in plaintiffs' second amended petition filed on November 21, 2000 in the Iowa District Court for Lee County. Plaintiffs are a class of persons [2] who purchased campground memberships from Thousand Adventures, Inc.,[3] one of the defendants in this case. Plaintiffs' memberships were to give them access to numerous campgrounds throughout the United States. The costs of the memberships ranged from $990 to $10,000. Many members financed their membership with retail installment contracts. These contracts allowed the members to make periodic payments for their memberships at an interest rate somewhere between 12% and 18%. Additionally, members were required to pay annual dues or maintenance fees ranging from $100 to $300 per year.

Plaintiffs allege that Thousand Adventures' sales techniques were illegal, as its representatives would make promises or offers that the company would not keep. Thousand Adventures' sales agents would offer free prizes or other premium items. The sale agents would also promise money back guarantees and that customers could always sell back their memberships to Thousand Acres, less a fifteen percent administrative fee. These promises were not fulfilled, and eventually, Thousand Adventures became subject to actions brought by several states. Court orders were entered by several state courts preventing Thousand Adventures from engaging in deceptive and false trade practices.

Plaintiffs originally brought suit against Thousand Adventures in 1997 in Iowa District Court in and for Lee County.[4] In the second amended petition plaintiffs filed in state court in this case on November 21, 2000, plaintiffs brought claims [5] against the newly named defendants, who are financial

1. The Court recognizes that if it does not remand this case, and proceeds to determine whether to stay this case because of Thousand Adventures' bankruptcy, it may be appropriate at that time to rule on the motion by defendants to vacate the state court order because it is closely aligned with the bankruptcy issues in general.

2. Although the alleged class has yet to be formally certified in this Court, plaintiffs will be treated as a class for purposes of this Order.

3. The company is also known as Thousand Adventures of Iowa, Inc.

4. Thousand Adventures has been involved in bankruptcy proceedings in the United States Bankruptcy Court for this district since 1997. Tony Ross, named plaintiff in this case, has been allowed to intervene in the bankruptcy action with respect to an adversary proceeding addressing a constructive trust.

5. The claims brought against defendants in the second amended petition are for breach of contract, violation of the Consumer Fraud Act (Iowa Code section 714.16(2)(a)), violation of Membership Campground Act (Iowa Code sections 557B.10 and 557B.13), violation of the FTC Holder Rule (16 C.F.R. section 133), and for the return of funds and interest from a constructive trust.

lending institutions. Plaintiffs allege that it was Thousand Adventures' practice to assign, pledge or sell the retail installment contracts it held with its members to these lending institutions. Plaintiffs allege the lending institutions are subject to the same claims plaintiffs assert against Thousand Adventures.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed the second amended petition in state court on November 21, 2000. Great Western Bank ("Great Western"), defendant, was served with the petition on December 4, 2000. Great Western then filed a notice of removal in this Court on December 20, 2000. It also filed the notice of removal in the Iowa District Court for Lee County on December 22, 2000. Following plaintiffs motion to remand this case, Great Western filed the motion to amend its notice of removal on January 31, 2001.

In its original notice of removal, Great Western stated that this Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Great Western stated that a federal regulation, 16 C.F.R. § 433 ("FTC Holder Rule"), was put in issue by plaintiffs in their second amended petition. Great Western also made the following statement, referencing a bankruptcy statute, in its original notice of removal: "The Court also has jurisdiction pursuant to 28 U.S.C. § 157."

Great Western made no reference in its original notice of removal to the position taken by the other named defendants regarding removal. Following the time that Great Western removed this action to this Court, other defendants joined in the removal. Those defendants were: Geico Financial, Liberty Bank, Community First Bank, Heller Financial, Allstate Financial,[6]

First Savings Bank, Washington County Bank, and Western American Bank.

Great Western seeks this Court to now allow it to add three new paragraphs to the original notice—paragraphs 4, 5 and 6.

## III. APPLICABLE LAW & DISCUSSION

■ Actions initially filed in state court may be removed to federal court if the federal court would have had "original jurisdiction" over the action. *See* 28 U.S.C. § 1441(a). If claims arising "under the Constitution, treaties or laws of the United States" are at issue, then the case is removable as the United States District Court would have had original jurisdiction. 28 U.S.C. § 1441(b). Removal to federal court, however, is not favored. "The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction." *Williams v. Safeco Ins. Co. Of Am.*, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (other citations omitted)). "It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied." *Safeco*, 74 F.Supp.2d at 928 (citing *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir.1969)).

When a defendant in an action pending in state court wishes to remove the matter to federal court, the defendant must follow the dictates of 28 U.S.C. § 1446. The defendant is to file "a notice of removal ... containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a) (also noting defendant is to file copies of other pleadings and orders served upon it in the state court action).

---

**6.** Pursuant to Allstate's January 24, 2001 motion, the Court recognizes that the filing date of Allstate's joinder in the removal should be January 10, 2001 and not January 11, 2001 as it is currently docketed. The Clerk of Court shall change the docket entry.

The notice of removal is to be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The case is officially removed only after defendant has filed a copy of the notice of removal in the state court. *See* 28 U.S.C. § 1446(d).

Prior to the expiration of the thirty-day time period established by section 1446, defendant may freely move to amend the notice of removal. *See Richardson v. United Steelworkers of America,* 864 F.2d 1162 (5th Cir.1989), cert. denied 495 U.S. 946, 110 S.Ct. 2204, 109 L.Ed.2d 531 (1990). The general rule concerning whether a court should allow an amendment is that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. However, the standard for amendment of the jurisdictional grounds given in a notice of removal has been narrowly construed.

> After the first thirty days ... "the cases indicate that the petition may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished."

*Smiley v. Citibank,* 863 F.Supp. 1156, 1158 (C.D.Cal.1993) (quoting Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 3733, at 537–538 (1985)).

In this case, Great Western seeks to amend its original notice of removal beyond the thirty-day window allowed by section 1446(b). Specifically, Great Western's amendments seek to address two separate issues. In paragraphs 4 and 5 of the proposed amended notice of removal, Great Western seeks to address one of the grounds upon which it alleges this Court has jurisdiction. In proposed paragraph 6, Great Western seeks to explain why it did not address the issue of joinder of the other defendants in its original notice of removal.

### A. Paragraphs 4 and 5: Related-to Bankruptcy Jurisdiction

Great Western made the statement, "The Court also has jurisdiction pursuant to 28 U.S.C. § 157," at the very end of paragraph 3 of its original notice of removal. In its amended notice of removal, this statement no longer appears in paragraph 3. Instead, Great Western addresses the related-to bankruptcy jurisdiction issue in two full paragraphs. Paragraph 4 alleges that this Court has jurisdiction "pursuant to 28 U.S.C. § 157 in regard to bankruptcy," and then goes on to state that "the case may be removed under 28 U.S.C. § 1452." It also details how this case will "constitute a core proceeding under 28 U.S.C. § 157(b)."

The Court at the outset notes that it would have been appropriate for Great Western to reference 28 U.S.C. section 1452, which is entitled "Removal of claims related to bankruptcy cases," in its original notice of removal. Section 1452 is the precise statutory authority for a case to be removed from state to federal court based on related-to bankruptcy jurisdiction.[7] However, Great Western's reference to section 157 was not an irrelevant matter in the original notice of removal. "The jurisdiction of the federal bankruptcy courts is governed by 28 U.S.C. §§ 157 and 1334." *Abramowitz v. Palmer,* 999 F.2d 1274, 1277 (8th Cir.1993). Section 157 addresses

---

7. It also would have been appropriate for Great Western to reference Federal Rule of Bankruptcy Procedure 9027, which addresses removal of cases to federal court on grounds of related-to bankruptcy jurisdiction.

several bankruptcy procedures, including whether a case constitutes a core proceeding that can be heard by a bankruptcy judge. *See* 28 U.S.C. § 157(b)(2)(A-O).

■ The Court finds that Great Western's reference to section 157 was an imperfectly alleged jurisdictional ground but that it should be allowed to supplement it even though the proposal was not made within the thirty day window provided for amendment of notices of removal by section 1446. While Great Western's original notice did not clearly state that it was seeking to remove on the basis of related-to bankruptcy jurisdiction, it adequately preserved it as a stated ground for removal. Additionally, the Court notes plaintiff's long-term dealings with Thousand Adventures' bankruptcy process is a factor in the decision to allow this amendment to the notice of removal—bankruptcy was not a new issue, or a surprise, to plaintiffs in this case. The Court finds that Great Western should be allowed to amend its original notice to add paragraphs 4 and 5.[8]

B. Paragraph 6—Joinder of Other Defendants

■ When multiple defendants are involved, removal is not as simple as one defendant merely filing a notice of removal. "As a general rule, all defendants must join in a removal petition in order to effect removal." *Jones v. Kremer*, 28 F.Supp.2d 1112, 1113 (D.Minn.1998) (citing *Bradley v. Maryland Cas. Co.*, 382 F.2d 415, 419 (8th Cir.1967) (other citations omitted)). There are three exceptions to the rule: 1.) when a co-defendant has not been served at the time the removal petition is filed; 2.) when a co-defendant is only a nominal defendant; and 3.) when the removed claim is a separate and independent under 28 U.S.C. § 1441(c). *See Kremer*, 28 F.Supp.2d at 1113 n. 2 (citing *Bradley*, 382 F.2d at 419 (other citations omitted)).

The question of whether all defendants have properly joined in this removal, or if the above-noted exceptions apply to excuse joinder, is not before the Court at this time. The only issue now before the Court is whether Great Western should be allowed to amend its notice of removal to address the joinder issue.

■ Joinder is not a technical issue. As stated in *Kremer*, a removing defendant has to be joined by all co-defendants or one of the three exceptions must apply for a federal court to exercise jurisdiction over a case. Courts in this circuit allow amendment of removal notices when such amendments address form and not substance. *See, e.g., Cook v. J.C. Penney Co., Inc.*, 558 F.Supp. 78, 80 (N.D.Iowa 1983) (finding that "extraordinary and extenuating circumstances" existed to allow defendant leave to amend its notice of removal as amendments only addressed changes in form). Whether a removing defendant mentions joinder or other defendants in an original notice of removal goes beyond a matter of form. It is an important issue which should be noted in an original notice of removal

Further, courts in other jurisdictions have held that the joinder status of other defendants is an important issue that should be included in the original notice of removal filed by a defendant. In *Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F.Supp. 932 (D.Md.1997), the defen-

---

8. As additional support for this Court's decision to allow the original notice of removal to be amended to add paragraphs 4 and 5, the Court notes one of the defendants, Liberty Bank, filed an "Amended Joinder and Consent to Removal" on January 17, 2001. In this filing, Liberty Bank stated that this case could be removed to this Court under 28 U.S.C. § 1452(a) and that this Court had original jurisdiction of it pursuant to 28 U.S.C. § 1334(b).

dant who filed the notice of removal, Northern, did not make any allegations about the status of one of its co-defendants, Erie, with respect to removal. The court found that it was a "critical allegation" for the removing defendant to address the status of the other defendants with respect to removal, and denied defendant's motion to amend its notice of removal. *Id.* at 935. "[T]he consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction." *Id.See also Alexander by Alexander v. Goldome Credit Corp.,* 772 F.Supp. 1217, 1221–22 (M.D.Ala.1991) ("The absence of allegations that all defendants consent to removal is a substantive, rather than technical defect, and the notice of removal may not be amended following the thirty day period to include such an allegation.") (citations omitted) and *Bellone v. Roxbury Homes, Inc.* 748 F.Supp. 434, 437 n. 1 (W.Va.1990) (noting that minor adjustments to cure technical defects in a notice of removal is allowable beyond the thirty day time period, but finding that the failure to address the consent of another defendant or address the reasons for their failure to consent to remove the case does not qualify as such a minor adjustment).

 Paragraph six of Great Western's amended notice of removal, addressing the joinder status of the other defendants in its removal action, attempts to cure its original notice of removal by adding an allegation completely missing from its original notice. Great Western did not mention the joinder issue in its original notice of removal, and therefore this Court cannot find that its proposed amendment merely expands upon the original allegations or corrects a technical defect. If the Court were to allow this amendment, it would violate even the liberal rules of notice pleading as defendant did not mention joinder or the other defendants at all in its "short and plain statement for the grounds of removal" in its original notice. 28 U.S.C. 1446(a). The Court denies Great Western's request to amend its notice of removal to add paragraph six.[9]

## IV. CONCLUSION

For the aforementioned reasons, Great Western's request to amend its notice of removal is granted in part and denied in part. Paragraphs 4 and 5 of Great Western's amended notice of removal are allowed, while paragraph 6 is not.

As stated previously in footnote 5 of this Order, the Court grants defendant Allstate's January 24, 2001 motion. The filing date of Allstate's joinder in the removal should be January 10, 2001, not January 11, 2001 as it is currently docketed. The Clerk of Court shall make this change.

IT IS SO ORDERED.

---

9. The Court again notes that it is not addressing, at this time, the issue of whether the joinder requirement has been met by the timely consent of defendants and whether the absence of certain defendants is excused by one of the three exceptions to the "unanimity requirement." Paragraph six, which the Court is not allowing, essentially addresses this issue. The information appearing in this paragraph is appropriate for argument with respect to plaintiff's motion to remand.